Debbie E. Green (Texas Bar No. 24059852)
Marcus A. Helt (Texas Bar No. 24052187)
**MCDERMOTT WILL & EMERY LLP**
2501 North Harwood Street, Suite 1900
Dallas, Texas 75201
Tel: 469.715.4979
Fax: 972.692.7700
dgreen@mwe.com
mhelt@mwe.com

*Attorneys for Multiband Global Resources, LLC*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| In re:<br><br>GOODMAN NETWORKS, INC.,<br><br>Debtor. | § § § § § § § | Case No. 22-31641-mvl-7<br><br>(Chapter 7) |
| SCOTT M. SEIDEL, TRUSTEE;<br>GNET ATC, LLC; MULTIBAND<br>FIELD SERVICES, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES FRINZI; FRINZI FAMILY<br>TRUST; MULTIBAND GLOBAL<br>RESOURCES, LLC,<br><br>Defendants. | § § § § § § § § § § § § § § § § | ADVERSARY PROCEEDING<br>NO. 23-03036-mvl |

## MULTIBAND GLOBAL RESOURCES, LLC'S
## ANSWER TO ORIGINAL COMPLAINT

Defendant Multiband Global Resources, LLC ("**MGR**") hereby files this answer to the

Original Complaint (the "**Complaint**") filed by Plaintiff Scott M. Seidel, Trustee (the "**Trustee**")

of Goodman Networks, Inc. (the "**Debtor**"), GNET ATC, LLC ("**GNET**"), and Multiband Field

1

Services, Inc. ("**Multiband**," together with the Trustee and GNET, the "**Plaintiffs**") as set forth below:

## I.    PROCEDURAL BACKGROUND

1. Paragraph 1 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, MGR admits the allegations in paragraph 1.

2. MGR admits the allegations in paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, MGR admits the allegations in paragraph 3.

4. Paragraph 4 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, MGR admits the allegations in paragraph 4.

5. Paragraph 5 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, MGR admits the allegations in paragraph 5.

## II.    PARTIES

6. Paragraph 6 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, MGR admits the allegations in paragraph 6.

7. MGR lacks knowledge or information sufficient to admit or deny the allegations in paragraph 7 of the Complaint.

8. MGR lacks knowledge or information sufficient to admit or deny the allegations in paragraph 8 of the Complaint.

9. MGR admits that Frinzi is an individual. MGR lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 9 of the Complaint.

10. MGR lacks knowledge or information sufficient to admit or deny the allegations in paragraph 10 of the Complaint.

11. MGR admits the allegations in paragraph 11 of the Complaint.

### III.  FACTS

**A.  FRINZI**

12. MGR admits the allegations in the first sentence of paragraph 12 of the Complaint. The second sentence of paragraph 12 of the Complaint contains legal conclusions to which no response is required, and to the extent that a response is required, the allegations are denied.

13. MGR admits the allegations in the first sentence of paragraph 13 of the Complaint. The second sentence of paragraph 13 of the Complaint contains legal conclusions to which no response is required, and to the extent that a response is required, the allegations are denied.

14. MGR admits the allegations in the first sentence of paragraph 14 of the Complaint. The second sentence of paragraph 14 of the Complaint contains legal conclusions to which no response is required, and to the extent that a response is required, the allegations are denied.

15. MGR admits the allegations in the first sentence of paragraph 15 of the Complaint. The second sentence of paragraph 15 of the Complaint contains legal conclusions to which no response is required, and to the extent that a response is required, the allegations are denied.

**B.  THE STOCK PURCHASE**

16. MGR admits the allegations in paragraph 16 of the Complaint.

17. MGR admits the allegations in paragraph 17 of the Complaint.

18. MGR admits the allegations in paragraph 18 of the Complaint.

19. MGR denies the allegations in paragraph 19 of the Complaint.

20. MGR lacks knowledge or information sufficient to admit or deny the allegations in paragraph 20 of the Complaint.

21. The agreement referenced in paragraph 21 of the Complaint speaks for itself. MGR denies all allegations in paragraph 21 of the Complaint that are inconsistent with the terms of that agreement.

22. MGR denies the allegations in paragraph 22 of the Complaint.

23. MGR lacks knowledge or information sufficient to admit or deny the allegations in paragraph 23 of the Complaint.

24. The escrow agreement speaks for itself. MGR denies all allegations in paragraph 24 of the Complaint that are inconsistent with the terms of that agreement.

25. Paragraph 25 of the Complaint contains legal conclusions to which no response is required, and to the extent that a response is required, the allegations are denied.

26. Paragraph 26 of the Complaint contains legal conclusions to which no response is required, and to the extent that a response is required, the allegations are denied.

27. MGR denies the allegations in paragraph 27 of the Complaint.

28. MGR denies the allegations in paragraph 28 of the Complaint.

C. **THE $4.4 MILLION TRANSFER**

29. MGR lacks knowledge or information sufficient to admit or deny the allegations in paragraph 29 of the Complaint.

30. MGR lacks knowledge or information sufficient to admit or deny the allegations in paragraph 30 of the Complaint.

31. MGR denies the allegations in paragraph 31 of the Complaint.

32. MGR denies the allegations in paragraph 32 of the Complaint.

33. MGR admits the allegations in paragraph 33 of the Complaint.

34. MGR denies the allegations in paragraph 34 of the Complaint.

35. MGR denies the allegations in paragraph 35 of the Complaint.

36. MGR denies the allegations in paragraph 36 of the Complaint.

37. MGR denies the allegations in paragraph 37 of the Complaint.

**D.    THE $962K TRANSFER**

38.    The agreement referenced in paragraph 38 of the Complaint speaks for itself. MGR denies all allegations in paragraph 38 of the Complaint that are inconsistent with the terms of that agreement.

39.    MGR lacks knowledge or information sufficient to admit or deny the allegations in paragraph 39 of the Complaint.

40.    Paragraph 40 of the Complaint contains legal conclusions to which no response is required, and to the extent that a response is required, the allegations are denied.

**E.    FRUITS OF TRANSFERS AND SUBSEQUENT TRANSFERS**

41.    MGR admits the allegation in paragraph 41 of the Complaint.

42.    MGR denies the allegations in paragraph 42 of the Complaint.

43.    MGR admits the allegation in paragraph 43 of the Complaint.

44.    MGR denies the allegations in paragraph 44 of the Complaint.

45.    MGR admits the allegation in paragraph 45 of the Complaint.

46.    MGR denies the allegations in paragraph 46 of the Complaint.

47.    MGR admits the allegation in paragraph 47 of the Complaint.

48.    MGR denies the allegations in paragraph 48 of the Complaint.

49.    MGR admits that it entered into an asset purchase agreement with AMRR, which was dated August 31, 2022, not August 21, 2022. That agreement speaks for itself. MGR denies all allegations in paragraph 49 of the Complaint that are inconsistent with the terms of that agreement.

50.    MGR denies the allegations in paragraph 50 of the Complaint.

51.    MGR denies the allegations in paragraph 51 of the Complaint.

### IV.    CAUSES OF ACTION

<u>**COUNT 1**</u>:    **BREACH OF FIDUCIARY DUTY—STOCK PURCHASE & 962K TRANSFER**

52.    MGR incorporates its responses to paragraphs 1-51 of the Complaint as if fully set forth herein.

53.    MGR denies the allegations in paragraph 53 of the Complaint.

54.    MGR denies the allegations in paragraph 54 of the Complaint.

55.    Paragraph 55 of the Complaint contains legal conclusions to which no response is required, and to the extent that a response is required, the allegations are denied.

56.    Paragraph 56 of the Complaint contains legal conclusions to which no response is required, and to the extent that a response is required, the allegations are denied.

57.    Paragraph 57 of the Complaint contains legal conclusions to which no response is required, and to the extent that a response is required, the allegations are denied.

58.    Paragraph 58 of the Complaint contains legal conclusions to which no response is required, and to the extent that a response is required, the allegations are denied.

59.    Paragraph 59 of the Complaint contains legal conclusions to which no response is required, and to the extent that a response is required, the allegations are denied.

60.    Paragraph 60 of the Complaint contains legal conclusions to which no response is required, and to the extent that a response is required, the allegations are denied.

61.    Paragraph 61 of the Complaint contains legal conclusions to which no response is required, and to the extent that a response is required, the allegations are denied.

<u>**COUNT 2**</u>:    **UNJUST ENRICHMENT (FRINZI AND MGR)**

62.    MGR incorporates its responses to paragraphs 1-61 of the Complaint as if fully set forth herein.

63.    As it relates to MGR, MGR denies the allegations of paragraph 63 of the Complaint.

64. As it relates to MGR, MGR denies the allegations of paragraph 64 of the Complaint.

65. As it relates to MGR, MGR denies the allegations of paragraph 65 of the Complaint.

**COUNT 3:** IMPOSITION/DECLARATION OF CONSTRUCTIVE TRUST—STOCK

66. MGR incorporates its responses to paragraphs 1-65 of the Complaint as if fully set forth herein.

67. Paragraph 67 of the Complaint contains legal conclusions to which no response is required, and to the extent that a response is required, the allegations are denied.

68. Paragraph 68 of the Complaint contains legal conclusions to which no response is required, and to the extent that a response is required, the allegations are denied.

69. Paragraph 69 of the Complaint contains legal conclusions to which no response is required, and to the extent that a response is required, the allegations are denied.

70. Paragraph 70 of the Complaint contains legal conclusions to which no response is required, and to the extent that a response is required, the allegations are denied.

**COUNT 4:** IMPOSITION/DECLARATION OF RESULTING TRUST—STOCK

71. MGR incorporates its responses to paragraphs 1-70 of the Complaint as if fully set forth herein.

72. Paragraph 72 of the Complaint contains legal conclusions to which no response is required, and to the extent that a response is required, the allegations are denied.

73. Paragraph 73 of the Complaint contains legal conclusions to which no response is required, and to the extent that a response is required, the allegations are denied.

74. Paragraph 74 of the Complaint contains legal conclusions to which no response is required, and to the extent that a response is required, the allegations are denied.

**COUNT 5:** BREACH OF FIDUCIARY DUTY—$4.4 MILLION TRANSFER

75. MGR incorporates its responses to paragraphs 1-74 of the Complaint as if fully set

forth herein.

76. Paragraph 76 of the Complaint contains legal conclusions to which no response is required, and to the extent that a response is required, the allegations are denied.

77. Paragraph 77 of the Complaint contains legal conclusions to which no response is required, and to the extent that a response is required, the allegations are denied.

78. Paragraph 78 of the Complaint contains legal conclusions to which no response is required, and to the extent that a response is required, the allegations are denied.

79. Paragraph 79 of the Complaint contains legal conclusions to which no response is required, and to the extent that a response is required, the allegations are denied.

80. Paragraph 80 of the Complaint contains legal conclusions to which no response is required, and to the extent that a response is required, the allegations are denied.

81. Paragraph 81 of the Complaint contains legal conclusions to which no response is required, and to the extent that a response is required, the allegations are denied.

82. Paragraph 82 of the Complaint contains legal conclusions to which no response is required, and to the extent that a response is required, the allegations are denied.

83. Paragraph 83 of the Complaint contains legal conclusions to which no response is required, and to the extent that a response is required, the allegations are denied.

**COUNT 6:** **UNJUST ENRICHMENT (FRINZI AND MGR)**

84. MGR incorporates its responses to paragraphs 1-83 of the Complaint as if fully set forth herein.

85. Paragraph 85 of the Complaint contains legal conclusions to which no response is required, and to the extent that a response is required, the allegations are denied.

86. Paragraph 86 of the Complaint contains legal conclusions to which no response is required, and to the extent that a response is required, the allegations are denied.

**COUNT 7:**   **FRAUDULENT TRANSFER—$4.4 MILLION TRANSFER**

87. MGR incorporates its responses to paragraphs 1-86 of the Complaint as if fully set forth herein.

88. Paragraph 88 of the Complaint contains legal conclusions to which no response is required, and to the extent that a response is required, the allegations are denied.

89. Paragraph 89 of the Complaint contains legal conclusions to which no response is required, and to the extent that a response is required, the allegations are denied.

90. Paragraph 90 of the Complaint contains legal conclusions to which no response is required, and to the extent that a response is required, the allegations are denied.

91. Paragraph 91 of the Complaint contains legal conclusions to which no response is required, and to the extent that a response is required, the allegations are denied.

**COUNT 8:**   **RECOVERY OF FRAUDULENT TRANSFER—$4.4 MILLION TRANSFER**

92. MGR incorporates its responses to paragraphs 1-91 of the Complaint as if fully set forth herein.

93. Paragraph 93 of the Complaint contains legal conclusions to which no response is required, and to the extent that a response is required, the allegations are denied.

94. Paragraph 94 of the Complaint contains legal conclusions to which no response is required, and to the extent that a response is required, the allegations are denied.

95. Paragraph 95 of the Complaint contains legal conclusions to which no response is required, and to the extent that a response is required, the allegations are denied.

**COUNT 9:**   **FRAUDULENT TRANSFER—LAKEHOUSE AND LOT**

96. MGR incorporates its responses to paragraphs 1-96 of the Complaint as if fully set forth herein.

97. Paragraph 97 of the Complaint contains legal conclusions to which no response is

required, and to the extent that a response is required, the allegations are denied.

98. Paragraph 98 of the Complaint contains legal conclusions to which no response is required, and to the extent that a response is required, the allegations are denied.

99. Paragraph 99 of the Complaint contains legal conclusions to which no response is required, and to the extent that a response is required, the allegations are denied.

100. Paragraph 100 of the Complaint contains legal conclusions to which no response is required, and to the extent that a response is required, the allegations are denied.

101. Paragraph 101 of the Complaint contains legal conclusions to which no response is required, and to the extent that a response is required, the allegations are denied.

**COUNT 10:** **IMPOSITION/DECLARATION OF CONSTRUCTIVE TRUST—$4.4 MILLION TRANSFER AND $962K TRANSFER**

102. MGR incorporates its responses to paragraphs 1-101 of the Complaint as if fully set forth herein.

103. Paragraph 103 of the Complaint contains legal conclusions to which no response is required, and to the extent that a response is required, the allegations are denied.

104. Paragraph 104 of the Complaint contains legal conclusions to which no response is required, and to the extent that a response is required, the allegations are denied.

105. Paragraph 105 of the Complaint contains legal conclusions to which no response is required, and to the extent that a response is required, the allegations are denied.

106. Paragraph 106 of the Complaint contains legal conclusions to which no response is required, and to the extent that a response is required, the allegations are denied.

107. Paragraph 107 of the Complaint contains legal conclusions to which no response is required, and to the extent that a response is required, the allegations are denied.

## V. RESERVATION OF RIGHTS

108. Paragraph 108 of the Complaint contains legal conclusions to which no response is required.

## VI. PRAYER FOR RELIEF

WHEREFORE, MGR denies that Plaintiffs are entitled to any of the relief sought in the Prayer for Relief.

## AFFIRMATIVE DEFENSES

MGR states the following affirmative defenses without assuming the burden of proof that would otherwise rest on Plaintiffs and reserves the right to raise additional affirmative defenses.

### First Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiffs' claims for relief are barred, in whole or in part, under the doctrine of unclean hands and other inequitable conduct.

### Third Affirmative Defense

Plaintiffs' claims for relief are barred, in whole or in part, by the doctrine of estoppel.

### Fourth Affirmative Defense

Plaintiffs' claims for relief are barred, in whole or in part, by the doctrine of waiver.

### Fifth Affirmative Defense

Plaintiffs' claims for relief are barred, in whole or in part, by the doctrine of ratification.

### Sixth Affirmative Defense

Plaintiffs' claims for relief are barred, in whole or in part, by the business judgment rule.

|  |  |
|---|---|
| | Respectfully submitted, |
| Dated: June 21, 2023 | */s/ Debbie E. Green* <br> Debbie E. Green (Texas Bar No. 24059852) <br> Marcus A. Helt (Texas Bar No. 24052187) <br> **MCDERMOTT WILL & EMERY LLP** <br> 2501 North Harwood Street, Suite 1900 <br> Dallas, Texas 75201 <br> Tel: 469.715.4979 <br> Fax: 972.692.7700 <br> dgreen@mwe.com <br> mhelt@mwe.com <br><br> *Attorneys for Multiband Global Resources, LLC* |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon those parties receiving electronic notification via the Court's CM/ECF system on June 21, 2023.

*/s/ Debbie E. Green*
Debbie E. Green

DM_US 197429171-2.121024.0011