Davor Rukavina, Esq.
Texas Bar No. 24030781
Thomas D. Berghman, Esq.
Texas Bar No. 24082683
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas  75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

ATTORNEYS FOR SCOTT M. SEIDEL, TRUSTEE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>GOODMAN NETWORKS, INC.,<br><br>　　Debtor. | Case No. 22-31641-mvl-7<br><br>(Chapter 7) |
| SCOTT M. SEIDEL, TRUSTEE;<br>GNET ATC, LLC; MULTIBAND<br>FIELD SERVICES, INC.,<br><br>　　Plaintiffs,<br><br>v.<br><br>JAMES FRINZI; FRINZI FAMILY TRUST;<br>MULTIBAND GLOBAL RESOURCES,<br>LLC,<br><br>　　Defendants. | ADVERSARY PROCEEDING<br>NO:  23-03036 |

**PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES AND PRODUCTION FROM DEFENDANT MULTIBAND GLOBAL RESOURCES, LLC**

TO THE HONORABLE MICHELLE V. LARSON, U.S. BANKRUPTCY JUDGE:

　　COME NOW Scott M. Seidel, Trustee (the "Trustee"), the trustee of Goodman Networks, Inc. (the "Debtor"), the debtor in the above styled and numbered chapter 7 bankruptcy case (the "Bankruptcy Case"), GNET ATC, LLC ("GNET ATC") and Multiband Field Services, Inc. ("Multiband," with the Trustee and GNET ATC, collectively the "Plaintiffs"), and file this their

*Motion to Compel Discovery Responses and Production from Defendant Multiband Global Resources, LLC* (the "Motion"), respectfully stating as follows:

1. The Trustee commenced this Adversary Proceeding on May 4, 2023 (the Trustee controls the other plaintiffs).

2. All Defendants have been served and have answered the Trustee's complaint, including defendant Multiband Global Resources, LLC ("MGR").

3. MGR has yet to serve any initial disclosures on the Trustee.

4. The Plaintiffs and all defendants, including MGR, held their Rule 26(f) conference on August 1, 2023, whereafter discovery opened.

5. On August 11, 2023, the Plaintiffs served the following discovery requests on MGR:

   (i) the *Plaintiffs' First Set of Requests for Production to Multiband Global Resources, Inc.* (the "RFPs"), a true and correct copy of which is attached hereto as Exhibit "A"; and

   (ii) the *Plaintiff's First Set of Interrogatories to Multiband Global Resources, LLC* (the "Interrogatories"), a true and correct copy of which is attached hereto as Exhibit "B."

6. MGR has failed to serve any response or objection to the RFPs and Interrogatories, despite requesting and obtaining from the Trustee an extension for the same (through September 8, 2023).

7. Prior to September 12, 2023, MGR was represented by the law firm of McDermott Will & Emery LLP. On that date, the Court entered an order permitting McDermott to withdraw, *see* Docket No. 20, based on the representation that "substitute counsel for MGR is . . . Mark M. Billion, Billion Law." *See* Docket No. 19 at ¶ 4.

8. The undersigned has confirmed with Mr. Billion that he did not agree to represent MGR, has not represented MGR, and does not now represent MGR. Mr. Billion has made no

appearance in this Adversary Proceeding. Mr. Billion is an attorney in Delaware, and the Trustee does not even know if he is admitted to practice law before this Court (and would require local counsel in any event).

9. To the Trustee's understanding, MGR has not had counsel since the entry of this Court's order permitting McDermott to withdraw.

10. It goes without saying that a corporate entity such as MGR may appear in federal court only through counsel.

11. As provided by Rule 37, incorporated herein by Bankruptcy Rule 7037, "a party may move for an order compelling disclosure or discovery:

> (A) *To Compel Disclosure*. If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions.
>
> (B) *To Compel a Discovery Response*. A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:
>
> \*   \*   \*
>
> (iii) a party fails to answer an interrogatory submitted under Rule 33; or
>
> (iv) a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34.

FED. R. CIV. P. 37(a)(1) & (3).

12. The Trustee does not need to demonstrate a need for the requested discovery as a condition to obtaining relief. Nevertheless, the Trustee will point out that this discovery is important to this Adversary Proceeding. At is core, this Adversary Proceeding concerns some $4.4 million of the Plaintiffs' funds that James Frinzi caused to be transferred to MGR, and what MGR subsequently did with those funds, including whether it provided any return consideration to the Plaintiffs. This Adversary Proceeding also involves approximately $962,000 of the Plaintiffs'

funds that Frinzi caused to be transferred to MGR pursuant to an alleged contract, and what MGR subsequently did with those funds, including whether it provided any return consideration to the Plaintiffs. Very little, if anything, is known about that alleged contract. And, this Adversary Proceeding concerns an unknown amount, but believed to be approximately $2 million, of the original funds that MGR then transferred to the Frinzi Family Trust. What MGR did with the balance of the funds that it received is of obvious importance, and may also enable the Trustee to learn of causes of action against other potential transferees or against assets purchased with the Plaintiffs' funds.

13. The Trustee has repeatedly attempted to communicate with someone at MGR to inquire into the status of discovery and replacement counsel. This includes communications with Mr. Billion and with Mr. Jason Rudd, who represents James Frinzi, who is known to control MGR. Most recently, on October 18, 2023, the Trustee transmitted a demand letter to MGR regarding its defaults, including through its registered agent (and also copying McDermott and Mr. Billion). As of this filing, the Trustee has yet to receive any response, any request for extension, or anything.

14. The Trustee is concerned that the failure by MGR to obtain replacement counsel and to comply with its discovery obligations is an attempt to protect the other defendants in this Adversary Proceeding. Under the Court's scheduling order, discovery closes on December 31, 2023 (and trial is set for March, 2024).

15. Thus, and because MGR has had the Trustee's discovery since August 11, 2023 (and has failed to serve initial disclosures since before then), the Trustee requests that the deadline for MGR to serve initial disclosures and to comply with the RFPs (including producing responsive documents) and the Interrogatories should be shortened to fourteen (14) days.

16. Furthermore, because MGR has utterly failed to respond to the RPFs and Interrogatories, it is deemed to have waived all objections unless the Court, for good cause

demonstrated by MGR, excuses such failure. *See, e.g., In re U.S.*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("as a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived"); *Superior Diving Co. Inc. v. Watts*, 2011 WL 1235195 at *2 (E.D. La. 2011) ("[a]s to interrogatories and requests for production, failure to provide written responses within the requisite time period ordinarily waives all objections, unless the court excuses the failure for good cause"). Thus, the Trustee requests that the Court order responses, answers, and production to the RPFs and Interrogatories without objection by MGR, subject solely to its privileges.

WHEREFORE, PREMISES CONSIDERED, the Trustee respectfully requests that the Court enter an order compelling and commanding MGR to provide initial disclosures, and respond to, answer, and produce responsive documents to, the RFPs and Interrogatories—all without objection—by fourteen (14) days after the entry of said order, reserving the issue of sanctions and attorney's fees for future proceeding, and for such other and further relief as may be appropriate.

RESPECTFULLY SUBMITTED this 25th day of October, 2023.

            **MUNSCH HARDT KOPF & HARR P.C.**

/s/  Davor Rukavina
    Davor Rukavina, Esq.
    Texas Bar No. 24030781
    Conor P. White, Esq.
    Texas Bar No. 24125722
    500 North Akard St., Ste. 3800
    Dallas, Texas  75201
    Telephone: (214) 855-7500
    drukavina@munsch.com

            **ATTORNEYS FOR THE PLAINTIFFS**

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that he had attempted to discuss the relief requested herein multiple times with MGR, the problem being that MGR does not have counsel. He has discussed this relief with Jason Rudd, Esq., counsel for James Frinzi, who controls MGR, and Mr. Rudd informed the undersigned that he has made Mr. Frinzi aware of the issue. He has also discussed this relief with Mark Billion, who informed the undersigned that he does not represent MGR. Most recently, on October 18, 2023, the undersigned sent a demand letter to, among others, James Frinzi individually as manager and owner of MGR, and also to the registered agent of MGR, without receiving any response. The Trustee is therefore forced to file this Motion because, if for no other reason, no one at MGR has sought fit to respond to my communications and letter.

/s/ Davor Rukavina
Davor Rukavina, Esq.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on this the 25th day of October, 2023, true and correct copies of this document, with exhibits, were electronically served by the Court's ECF system on counsel for the defendants other than MGR, and that, additionally, on the same date he caused true and correct copies of the foregoing to be served, by U.S. first class mail, postage prepaid, on the following:

Multiband Global Resources, LLC
c/o Joseph O'Bell, Registered Agent
2603 De Soto Dr.
Austin, TX 78733

Multiband Global Resources, LLC
c/o James Frinzi
9204 Eddy Cv.
Austin, TX 78735

/s/ Davor Rukavina
Davor Rukavina, Esq.