IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: § <br> § <br> GOODMAN NETWORKS, INC., § <br> § <br> Debtor. § <br> § | | Case No. 22-31641-mvl-7 <br><br> (Chapter 7) |
| SCOTT M. SEIDEL, TRUSTEE; § <br> GNET ATC, LLC; MULTIBAND § <br> FIELD SERVICES, INC., § <br> § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> JAMES FRINZI; FRINZI FAMILY TRUST; § <br> MULTIBAND GLOBAL RESOURCES, § <br> LLC, § <br> § <br> Defendants. | | ADVERSARY PROCEEDING <br> NO: 23-03036 |

**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO
MULTIBAND GLOBAL RESOURCES, INC.**

**TO:    Multiband Global Resources, Inc., by and through its counsel of record, Debbie E. Green, Esq., McDermott Will & Emery LLP, 2501 North Harwood Street, Suite 1900, Dallas, Texas 75201.**

Scott M. Seidel, for himself and for GNET ATC, LLC and Multibrad Field Services, Inc., the plaintiffs in the above styled and numbered Adversary Proceeding, hereby serves the following Requests for Production (each a "Request" and collectively the "Requests") on defendant Multiband Global Resources, Inc. (the "Defendant") pursuant to Federal Rule of Civil Procedure 34, as follows.

---

PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO MULTIBAND GLOBAL RESOURCES, INC.—Page 1

EXHIBIT "A"

## I.  INSTRUCTIONS

1. These requests are intended to cover all information, documents, and things in Your possession, custody, or control. A document or thing is deemed to be in Your possession, custody, or control, if:

   a. It is in Your physical control; or

   b. It is in the physical control of any other person or entity, and You, individually or otherwise

      i. Own the document or thing in whole or in part;

      ii. Have a right by contract, statute, or otherwise, to use, inspect, examine, or copy that document or thing on any terms; or

      iii. Have, as a practical matter, been able to use, inspect, examine, or copy that document or thing when You have sought to do so.

2. Unless otherwise indicated, references in these requests to You or any party, business organization, or other legal entity specifically includes all of that entity's present or former employees, officers, directors, agents, representatives, members, attorneys, departments, sections, affiliates, subsidiaries, parents, and all other persons acting on its behalf.

3. If any portion of any document, electronically stored information, or tangible thing is responsive to any Request, then the entire document, electronically stored information, or tangible thing must be produced. Documents and electronically stored information shall be produced in the order in which they are found in your files. Documents that are found stapled, clipped, or otherwise fastened shall be produced in such form.

4. In the event that no document, electronically stored information, or tangible thing exists that is responsive to a particular Request, a written response indicating the same shall be provided.

5. If any document, electronically stored information, or tangible thing is withheld on the basis of privilege, or any Request is objected to on the basis of privilege, you must nevertheless produce other responsive documents, electronically stored information, or tangible things pursuant to such Request that are not subject to any privilege, and you must produce a privilege log concerning documents, electronically stored information, and tangible things withheld on the basis of privilege providing sufficient information to allow the Debtors to evaluate and determine the propriety of each such claim of privilege.

6. These Requests cover and include all electronically stored information and means of communication, including Signal, Snapchat, e-mail, test messaging, and all other electronic means of communication or records.

## II.    DEFINITIONS

7. "Adversary Proceeding" shall mean Case No. 23-03036 pending in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division.

8. "And" and "or" shall each be individually interpreted in every instance as meaning "and/or" and shall not be interpreted disjunctively to exclude any information otherwise within the scope of any specification.

9. "Bankruptcy Case" shall mean Case No. 22-31541 pending in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division.

10. "Communication" shall mean any contact or act by which any information is transmitted or conveyed between two or more persons, and shall include, without limitation, written contact by such means as letters, memoranda, telegrams, telexes, electronically transmitted messages, e-mails, or by any document, and any oral contact by such means as face-to-face

meetings or conversations and telephone conversations that are transcribed, notated, or in any other manner memorialized in written, typed, or recorded form.

11. "Document(s)" means all written, recorded or graphic matter, whether in hard copy or generated or stored electronically or magnetically or by any other means, including without limitation, all papers, books, records, letters, photographs, tangible things, correspondence, communications, telegrams, cables, telex messages, memoranda, notes, notations, work papers, transcripts, minutes, reports, recordings of telephone or other conversations, interviews, conferences or other meetings, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, jottings, agendas, bulletins, notices, announcements, advertisements, instructions, charges, brochures, publications, schedules, lists, journals, statistical records or calculations, desk calendars, appointment books, diaries, tabulations, programs, data process input and output, microfilm, ledgers, journals or books of account, records and invoices reflecting business operations, records kept by electronic, photographic or mechanical means, any notes or drafts relating to the foregoing, and all things similar to any of the foregoing, however denominated. "Document" or "documents" shall also mean and include the original, drafts of the original and each non-identical copy (whether different from the original because of marginal notes or in whatever respect), including translations, of any written or graphic matter, whether typed, printed, recorded, filmed, produced by hand, or reproduced by any other mechanical process or means.

12. "FFT" means Frinzi Family Trust.

13. "Financial Document" means any document related to or evidencing the financial condition of a company, including a financial statement, cash flow statement, balance sheet, or income statement, whether internal or created for or provided to a third person.

14. "Frinzi" means James Frinzi.

15. "GNET ATC" means GNET ATC, LLC.

16. "Including" means 'including but not limited to', and is not restrictive or limiting.

17. "Multiband" means Multiband Field Services, Inc.

18. "Person" means any natural person or any company, corporation, partnership, association, joint venture, sole proprietorship, governmental agency, and any other legally recognized entity.

19. "Relate", "related to" "relating" or "relating to" refers to any act, work, meeting, oral or written communication, or document, referring, directly or indirectly, in any way to the described facts, or evidencing, directly or indirectly, such facts.

20. "You" and "your" shall mean Multiband Global Resources, LLC and all of your representatives or agents.

### III. REQUESTS

REQUEST NO. 1

All of your corporate governance documents in place at any time since formation, including any membership agreement or operating agreement and amendments, bylaws and amendments, resolutions, member consents, and Document or instrument appointing or removing any person as a member, manager, or officer.

RESPONSE:

REQUEST NO. 2

Any agreement between you and Frinzi, including any employment agreement, promissory note, severance agreement, and con-compete agreement.

RESPONSE:

REQUEST NO. 3

Any Document or Communication demonstrating your initial capitalization and any subsequent changes to such capitalization.

RESPONSE:

REQUEST NO. 4

All federal and state tax returns filed for you or on your behalf for the years 2020, 2021, 2022, and 2023, and any amendments thereto.

RESPONSE:

REQUEST NO. 5

All bank statements since January 1, 2021 through the present for any account held by you in your name or to which you had access, including any depository account.

RESPONSE:

REQUEST NO. 6

All promissory notes pursuant to which you are a maker, obligor, or co-maker or obligation, executed at any time since January 1, 2021, and any other Document or instrument, including any guarantee, by which you owed any person any debt since January 1, 2021, and all Documents and Communications concerning: (i) the creation of any such promissory note or other Document or instrument; (ii) the execution thereof; (iii) any amendment, modification, release, or termination thereof; (iv) any repayment thereon; or (v) any default thereof or thereon.

RESPONSE:

REQUEST NO. 7

All Documents and Communications between you, on the one hand, and American Metals Recovery and Recycling, Inc., n/k/a MBG Holdings, Inc., at any time prior to May 1, 2022, including with respect to any agent or representative thereof, including any letter of intent, purchase offer, or bid.

RESPONSE:

REQUEST NO. 8

All Documents and Communications between you, on the one hand, and AMR Resources, LLC, at any time prior to May 1, 2022, including with respect to any agent or representative thereof, including any letter of intent, purchase offer, or bid.

RESPONSE:

REQUEST NO. 9

All Documents and Communications between you, on the one hand, and OnePath Systems, LLC, at any time prior to May 1, 2022, including with respect to any agent or representative thereof, including any letter of intent, purchase offer, or bid.

RESPONSE:

REQUEST NO. 10

All Documents and Communications between you, on the one hand, and Repository Services, LLC, including the Share Purchases Agreement, any draft thereof, and all Communications regarding the negotiation or execution thereof.

RESPONSE:

REQUEST NO. 11

All Documents and Communications between you, on the one hand, and MSouth Equity Partners, and any affiliate, subsidiary, agent, representative, investment banker, or partner thereof, regarding AMR Resources, LLC or OnePath Systems, LLC, including any bid you made for the assets of any of the foregoing.

RESPONSE:

REQUEST NO. 12

All Documents and Communications between you, on the one hand, and Stauber Law Office.

RESPONSE:

REQUEST NO. 13

All Documents and Communications between you, on the one hand, and Hill Innovative Law, LLC or David Hill.

RESPONSE:

REQUEST NO. 14

All Documents and Communications related to any transfer of funds by Goodman to you, including any agreement or promissory note for the same, or authorization by Goodman or any director, officer, or employee thereof for the same.

RESPONSE:

REQUEST NO. 15

All Documents and Communications related to any transfer of funds by GNET ATC to you, including the alleged transfer of $962,000.00 on December 30, 2021, including any agreement or promissory note for the same, or authorization by GNET ATC or any director, officer, or employee thereof for the same.

RESPONSE:

REQUEST NO. 16

All Documents and Communications related to any transfer of funds by Multiband to you, including the alleged transfer of $4.4 million on or about January 4, 2022, including any agreement or promissory note for the same, or authorization by Multiband or any director, officer, or employee thereof for the same.

RESPONSE:

REQUEST NO. 17

Your internal financial books and records, including QuickBooks, related to how you booked any transfer to you of any funds by Goodman, GNET ATC, or Multiband.

RESPONSE:

REQUEST NO. 18

All Documents and Communications related to, referring to, or regarding that certain *Subcontract Services Agreement* dated December 31, 2021 between GNET ATC and you, including all such Documents and Communications related to the negotiation thereof, the execution thereof, and any performance (or lack of performance) thereunder, any termination or cancellation thereof, any assignment or transfer thereof, including the Underlying Contract (as defined therein)), including any bill or invoice or reconciliation of amounts owing.

RESPONSE:

REQUEST NO. 19

All Documents and Communications related to, referring to, or regarding any transfers or payments to you or by you pursuant to that certain *Subcontract Services Agreement* dated December 31, 2021 between GNET ATC and you, including from the End Customer (as defined therein).

RESPONSE:

REQUEST NO. 20

All Documents and Communications related to, referring to, or regarding any benefit or consideration you provided to Goodman or GNET ATC for any payments or transfers made to you under that certain *Subcontract Services Agreement* dated December 31, 2021 between GNET ATC and you, including any wages, salaries, taxes, or expenses you incurred or you paid under or pursuant to said contract.

RESPONSE:

REQUEST NO. 21

All Documents and Communications between you, on the one hand, and any person, including 18920 NW 11th, LLC, Steven Zakharyayev, Evelina Pinkhasova, James Goodman, or Shalom Auerbach, regarding any alleged *Amended Secured Promissory Note* dated December 20, 2021 in the original principal amount of $4,500,000.00, payable by Multiband or any security agreement related to the same, including all such Documents and Communications concerning the funding, corporate approval, negotiation, execution, delivery or performance of or under the same.

RESPONSE:

REQUEST NO. 22

All Documents and Communications related to any alleged December 20, 2021 promissory note from Multiband to you, including any such note and security agreement related to the same, and including all such Documents and Communications concerning the funding, corporate approval, negotiation, execution, delivery or performance of or under the same.

RESPONSE:

REQUEST NO. 23

All Documents and Communications related to any loan or funding of any loan by you to Multiband, or related to any other consideration you may have provided to Multiband in exchange for any promissory note or loan allegedly payable by Multiband to you.

RESPONSE:

REQUEST NO. 24

All Documents and Communications related any asset purchase agreement between you and American Metals Recovery and Recycling, Inc., n/k/a MBG Holdings, Inc., including any such agreement effective as of August 21, 2022, and including the funding, corporate approval, negotiation, execution, delivery or performance of or under the same.

RESPONSE:

REQUEST NO. 25

All Documents and Communications related to any purchase by you of any real estate, including certain real property and improvements located at 521 N. Horseshoe Bay Blvd., Horseshoe Bay, Texas, and certain real property consisting of approximately .7 acres, and identified as Lot 44 at the La Serena Loop, Horseshoe Bay, Texas 78657, and including any purchase and sale agreement brokerage agreement, promissory note, or deed of trust related to the same.

RESPONSE:

REQUEST NO. 26

All Documents and Communications related to any sale or transfer by you of any real estate, including real property and improvements, to any person, including the FFT, and including certain real property and improvements located at 521 N. Horseshoe Bay Blvd., Horseshoe Bay, Texas, and certain real property consisting of approximately .7 acres, and identified as Lot 44 at the La Serena Loop, Horseshoe Bay, Texas 78657, and including any purchase and sale agreement brokerage agreement, promissory note, or deed of trust related to the same.

RESPONSE:

REQUEST NO. 27

All Documents and Communications related to any consideration provided to you for any real estate sold or transferred by you, including to the FFT and including certain real property and improvements located at 521 N. Horseshoe Bay Blvd., Horseshoe Bay, Texas, and certain real property consisting of approximately .7 acres, and identified as Lot 44 at the La Serena Loop, Horseshoe Bay, Texas 78657, no matter what the form of such consideration may have been or who it may have been provided by.

RESPONSE:

REQUEST NO. 28

All Documents and Communications related to any salary, wages, expense reimbursement, dividend, distribution, loan, advance, bonus, or other payment or transfer to Frinzi.

RESPONSE:

REQUEST NO. 29

All Documents and Communications that relate to or that you contend support your answer to Interrogatory No. 5

RESPONSE:

REQUEST NO. 30

All Documents and Communications that relate to or that you contend support your answer to Interrogatory No. 6.

RESPONSE:

REQUEST NO. 31

All Documents and Communications that relate to or that you contend support your answer to Interrogatory No. 7.

RESPONSE:

REQUEST NO. 32

All Documents and Communications that relate to or that you contend support your answer to Interrogatory No. 9.

RESPONSE:

REQUEST NO. 33

All Documents and Communications that relate to or that you contend support your answer to Interrogatory No. 10.

RESPONSE:

REQUEST NO. 34

All Documents and Communications that relate to or that you contend support your answer to Interrogatory No. 12.

RESPONSE:

REQUEST NO. 35

All Documents and Communications that relate to or that you contend support your answer to Interrogatory No. 13.

RESPONSE:

REQUEST NO. 36

All Documents and Communications that relate to or that you contend support your answer to Interrogatory No. 15.

RESPONSE:

REQUEST NO. 37

All Documents and Communications that relate to or that you contend support your answer to Interrogatory No. 19.

RESPONSE:

REQUEST NO. 38

All Documents and Communications that relate to or that you contend support your answer to Interrogatory No. 20.

RESPONSE:

REQUEST NO. 39

All Documents and Communications that relate to or that you contend support your answer to Interrogatory No. 21.

RESPONSE:

REQUEST NO. 40

All Documents and Communications that relate to or that you contend support your answer to Interrogatory No. 22.

RESPONSE:

REQUEST NO. 41

All Documents and Communications that relate to or that you contend support your answer to Interrogatory No. 23.

RESPONSE:

REQUEST NO. 42

All Documents and Communications that relate to or that you contend support your answer to Interrogatory No. 24.

RESPONSE:

Dated at Dallas Texas this 11th day of August, 2023.

**MUNSCH HARDT KOPF & HARR P.C.**

/s/  Davor Rukavina

Davor Rukavina, Esq.
Texas Bar No. 24030781
500 North Akard St., Ste. 3800
Dallas, Texas  75201
Telephone: (214) 855-7500
drukavina@munsch.com
jvasek@munsch.com

**ATTORNEYS FOR THE PLAINTIFFS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this the 11th day of August, 2023, he caused a true and correct copy of this document to be served on counsel of record for all parties in this Adversary Proceeding, by e-mail and by U.S. first class mail, postage prepaid, as follows:

Jason M. Rudd, Esq.
Wick   Phillips Gould & Martin, LLP
3131 McKinney Avenue, Suite 500
Dallas, TX 75204

jason.rudd@wickphillips.com

Debbie E. Green, Esq.
McDermott Will & Emery LLP
2501 North Harwood Street
Suite 1900
Dallas, Texas 75201

dgreen@mwe.com

                                                    /s/  Davor Rukavina
                                                    Davor Rukavina, Esq.