Davor Rukavina, Esq.
Texas Bar No. 24030781
Thomas D. Berghman, Esq.
Texas Bar No. 24082683
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

COUNSEL FOR SCOTT M. SEIDEL, TRUSTEE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re:<br><br>GOODMAN NETWORKS, INC.,<br><br>Debtor. | §<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 22-31641-mvl-7<br><br>(Chapter 7) |
| SCOTT M. SEIDEL, TRUSTEE;<br>GNET ATC, LLC; MULTIBAND<br>FIELD SERVICES, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES FRINZI; FRINZI FAMILY TRUST;<br>MULTIBAND GLOBAL RESOURCES,<br>LLC,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | ADVERSARY PROCEEDING<br>NO: 23-03036 |

## TRUSTEE'S MOTION FOR LEAVE TO AMEND COMPLAINT

TO THE HONORABLE MICHELLE V. LARSON, U.S. BANKRUPTCY JUDGE:

COMES NOW Scott M. Seidel, Trustee (the "Trustee"), the trustee of Goodman Networks,

Inc. (the "Debtor"), the debtor in the above styled and numbered chapter 7 bankruptcy case (the

"Bankruptcy Case"), and, together with GNET ATC, LLC ("GNET ATC") and Multiband Field

TRUSTEE'S MOTION FOR LEAVE TO AMEND COMPLAINT—Page 1

Services, Inc. ("Multiband," with the Trustee and GNET ATC, collectively the "Plaintiffs"), file this *Trustee's Motion to Amend Complaint* (the "Motion"), respectfully stating as follows:

## I. RELIEF REQUESTED

1. By this Motion, the Trustee, on behalf of the Plaintiffs, requests leave to amend his Complaint (defined below) against defendant James Frinzi ("Frinzi"), to assert additional claims and causes of action against Frinzi for conversion, embezzlement, and under the (civil) Texas Theft Liability Act (the "TTLA"), in the form of the proposed Amended Complaint attached hereto as Exhibit "A," with the redline attached hereto as Exhibit "B" showing the changes from the Complaint.

## II. BACKGROUND

2. The Trustee initiated this Adversary Proceeding on May 4, 2023, with the filing of his *Original Complaint* (the "Complaint"), complaining of Frinzi, Frinzi Family Trust ("FFT"), and Multiband Global Resources, LLC ("MGR, with Frinzi and FFT, the "Defendants"). Frinzi is a co-trustee of the FFT and the sole owner and manager of MGR, at least during the time of the events alleged in the Complaint.

3. All Defendants have answered the Complaint, and the Court has entered a scheduling order providing for trial of this Adversary Proceeding the week of March 11, 2024. Discovery is set to close on December 31, 2023, with expert discovery closing on January 31, 2024. Should the granting of this Motion reasonable necessitate an extension of these deadlines, the Trustee would reasonably agree to the same.

4. The Complaint concerns straight-forward allegations.[1] Frinzi, while an officer of the Plaintiffs, owing them fiduciary duties, transferred: first $500,000.00 of the Plaintiffs' funds in order to purchase the majority of the outstanding stock of American Metals Recovery &

---

[1] The Complaint also concerns a $962,000 transfer, which is not the subject of this Motion.

Recycling, Inc. ("AMRR") and, second, $4,400,000.00 of the Plaintiffs' funds into MGR, for his person benefit. MGR then used a portion of those funds to purchase certain real estate and other assets, which real estate it then transferred to FFT, apparently for no consideration. The Trustee understands that the foregoing are only allegations at this time, and he does not propose to try any of these allegations in the form of this Motion.

5. The Complaint therefore asserts, as against Frinzi, breach of fiduciary duty claims, unjust enrichment claims, resulting and constructive trust claims, and fraudulent transfer claims, to recover, among other things, both the $500,000.00 transfer and the $4,400,000.00 transfer, and the proceeds or fruits of both transfers, including the property transferred from MGR to the FFT using the Plaintiffs' funds.

6. On August 11, 2023, the Trustee served extensive discovery on Frinzi, in the form of interrogatories and requests for production. On or about September 11, 2023, Frinzi responded to the same and produced documents (the Trustee reserves all rights regarding the sufficiency and completeness of Frinzi's responses and production). This discovery demonstrates, in the Trustee's view, that the Plaintiffs did not authorize Frinzi to engage in the underlying transfers and that he orchestrated these transfers for his personal gain, at the expense of the Plaintiffs. As a result of that discovery and other developments, the Trustee now believes that the Plaintiffs hold causes of action against Frinzi for conversion, embezzlement, and under the TTLA; hence the filing of this Motion.

### III.    DISCUSSION

7. Rule 15 provides for leave to amend a complaint, and provides that "[t]he court should freely give [leave] when justice so requires." FED. R. CIV. P. 15(a)(2). The Court must "possess a 'substantial reason' to deny a request for leave to amend." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). The Fifth Circuit has outlined five "considerations" guiding the

Rule 15 inquiry: "1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment." *Id*.

8. There has been no undue delay. Recent discovery from the defendants has led the Trustee to decide to assert the additional causes of action against Frinzi. There is no bad faith or dilatory motive; the Trustee is merely attempting to ensure that the Plaintiffs can obtain a full recovery on the underlying operative facts as he has alleged them to be, including the potential for attorney's fees (which is available under the TTLA). There is no repeated failure to cure prior deficiencies, as this is the Trustee's first motion to amend. There is no undue prejudice to Frinzi: the underlying factual allegations are the same as in the Complaint, and there is plenty of time for him to take discovery and to prepare for trial, which will be in March, 2024.

9. Nor is the proposed Amended Complaint futile. Embezzlement occurs when a person "unlawfully appropriates property after it has been entrusted to [the person's] care." *In re Davenport*, 353 B.R. 150, 199 (Bankr. S.D. Tex. 2006). Frinzi, as an officer of the Plaintiffs, undoubtedly owed them fiduciary duties, and the funds that he used were entrusted to his care. With respect to civil conversion, "[c]onversion is the wrongful exercise of dominion or control over the property of another in denial of, or inconsistent with, the other's rights in the property . . . To constitute conversion, there must be some repudiation of the owner's right or an exercise of dominion over the property, wrongfully and in denial of or inconsistent with that right; or there must be an illegal assumption of ownership." *Robinson v. Nat'l Autotech Inc.*, 117 S.W.3d 37, 39-40 (Tex. App. – Dallas 2003). Moreover, "acting with good faith or innocence does not constitute a defense to conversion." *Smith v. Maximum Racing Inc.*, 136 S.W.3d 337, 343 (Tex. App. – Austin 2004, no pet.). The Plaintiffs owned the underlying funds, Frinzi exercised control over

those funds for his personal benefit, without the consent of the Plaintiffs, and Frinzi has not returned any of the taken funds or their proceeds.

10. With respect to the TTLA, "[a] person who commits theft is liable for the damages resulting from the theft." TEX. CIV. PRAC. & REM. CODE ANN. § 134.003. "Theft," under the TTLA, is defined as "unlawfully appropriating property or unlawfully obtaining services as described by Section 31.03, 31.04, 31.06, 31.07, 31.11, 31.12, 31.13, or 31.14, Penal Code." *Id*. at § 134.002(2). Section 31.03 defines theft as: "[a] person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property," and "appropriation of property is unlawful if . . . it is without the owner's effective consent." TEX. PEN. CODE. ANN. § 31.03(a) & (b). Under the TTLA, the plaintiff is entitled to actual damages, an additional sum not to exceed $1,000.00, and reasonable attorney's fees and costs. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 134.005(a) & (b). If the Trustee successfully proves conversion or embezzlement, then there is liability under the TTLA *per se*.

11. Therefore, none of the new causes of action are futile, and the Trustee believes he has sufficient evidence to prove the viability of these new causes of action.

## IV.   **PRAYER**

WHEREFORE, PREMISES CONSIDERED, the Trustee respectfully requests that the Court enter an order: granting this Motion, granting him leave to file the Amended Complaint, and for such other and further relief as may be appropriate.

RESPECTFULLY SUBMITTED this 30th day of October, 2023.

        **MUNSCH HARDT KOPF & HARR, P.C.**

        By: /s/ Davor Rukavina
            Davor Rukavina, Esq.
            Texas Bar No. 24030781
            Thomas D. Berghman, Esq.
            Texas Bar No. 24082683
            3800 Ross Tower
            500 N. Akard Street
            Dallas, Texas 75201-6659
            Telephone: (214) 855-7500
            Facsimile: (214) 855-7584
            Email: drukavina@munsch.com

        **COUNSEL FOR SCOTT SEIDEL, CHAPTER 7 TRUSTEE**

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that he discussed the relief requested herein with Jason Rudd, Esq., counsel of record for Frinzi, but that no agreement regarding the same was reached, hence the filing of this Motion.

        By: /s/ Davor Rukavina
            Davor Rukavina, Esq.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this the 30th day of October, 2023, true and correct copies of this Motion, with the exhibits thereto, were electronically served by the Court's ECF system on all parties entitled to notice thereof, including Frinzi, by and through his counsel of record, Jason Rudd, Esq.

        By: /s/ Davor Rukavina
            Davor Rukavina, Esq.