**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § § | Case No. 22-31641-mv-7 |
| GOODMAN NETWORKS, INC. | § § | (Chapter 7) |
| Debtor. | § § | |
| SCOTT M. SIEDEL, TRUSTEE; GNET ATC, LLC; MULTIBAND FIELD SERVICES, INC., | § § § § | ADVERSARY PROCEEDING NO: 23-03036-mvl |
| Plaintiff(s), | § § | |
| v. | § § | |
| JAMES FRINZI; FRINZI FAMILY TRUST; MULTIBAND GLOBAL RESOURCES, LLC, | § § § § | |
| Defendant(s). | § | |

**DEFENDANTS JAMES FRINZI, FRINZI FAMILY TRUST, AND MULTIBAND
GLOBAL RESOURCES, LLC'S ANSWER TO AMENDED COMPLAINT**

Defendants James Frinzi ("Frinzi"), Frinzi Family Trust (the "Trust"), and Multiband Global Resources, LLC ("MGR" and, collectively, "Defendants"), by and through their attorneys, file this Answer to the Amended Complaint ("Complaint") (Doc. 30) filed in the above-captioned adversary proceeding by Scott M. Seidel, Chapter 7 Trustee ("Trustee" or "Plaintiff") of the bankruptcy estate of Goodman Networks, Inc. ("Debtor"). In support thereof, Defendants answer each of the numbered paragraphs in the Complaint with the corresponding subpart titles and paragraph numbers below.

**I.      PROCEDURAL BACKGROUND**

1. Paragraph 1 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit the allegations in paragraph 1.

2. Paragraph 2 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit the allegations in paragraph 2.

3. Paragraph 3 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit the allegations in paragraph 3.

4. Paragraph 4 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 4 of the Complaint, do not consent to the conduct of the trial by the bankruptcy judge, and deny Plaintiff is entitled to a final judgment in its favor.

5. Paragraph 5 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 5.

## II.    PARTIES

6. Paragraph 6 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit the Trustee asserts claims in the capacity of Trustee. Defendants deny the Trustee has standing to sue for the non-debtor entity plaintiff.

7. Paragraph 7 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit the allegations in Paragraph 7 of the Complaint.

8. Defendants lack knowledge sufficient to form a belief about the truth of the allegations in Paragraph 8 of the Complaint; therefore, Defendants deny same.

9. Defendants admit the allegations in Paragraph 9 of the Complaint.

10. Defendants admit the allegations in Paragraph 10 of the Complaint.

11. Defendants admit the allegations in Paragraph 11 of the Complaint.

### III. FACTS

#### A. FRINZI

12. Defendants admit the allegations in the first sentence of Paragraph 12 of the Complaint. The second sentence of Paragraph 12 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 12 of the Complaint.

13. Defendants admit the allegations in the first sentence of Paragraph 13 of the Complaint. The second sentence of Paragraph 13 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 13 of the Complaint.

14. Defendants admit the allegations in the first sentence of Paragraph 14 of the Complaint. The second sentence of Paragraph 14 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 14 of the Complaint.

15. Defendants admit the allegations in the first sentence of Paragraph 15 of the Complaint. The second sentence of Paragraph 15 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 15 of the Complaint.

#### B. THE STOCK PURCHASE

16. Defendants admit the allegations in Paragraph 16 of the Complaint.

17. Defendants admit the allegations in Paragraph 17 of the Complaint.

18. Defendants admit the allegations in Paragraph 18 of the Complaint.

19. Defendants deny the allegations in Paragraph 19 of the Complaint.

Document    Page 4 of 19

20. Defendants lack knowledge sufficient to form a belief about the truth of the allegations in Paragraph 20 of the Complaint; therefore, Defendants deny same.

21. The document referenced in Paragraph 21 of the Complaint speaks for itself, and Defendants deny any and all allegations in Paragraph 21 inconsistent with the terms of the document referenced therein.

22. Defendants deny the allegations in Paragraph 22 of the Complaint.

23. Defendants admit the allegations in Paragraph 23 of the Complaint.

24. Defendants admit the allegations in Paragraph 24 of the Complaint only insofar as Defendants admit Stauber acted as an escrow agent. Defendants lack knowledge sufficient to form a belief about the truth of the remaining allegations in Paragraph 24 of the Complaint; therefore, Defendants deny same.

25. Defendants admit the allegations in Paragraph 25 of the Complaint.

26. Paragraph 26 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 26 of the Complaint.

27. Defendants deny the allegations in Paragraph 27 of the Complaint.

28. Defendants deny the allegations in Paragraph 28 of the Complaint.

29. Defendants deny the allegations in Paragraph 29 of the Complaint.

**C. THE $4.4 MILLION TRANSFER**

30. Defendants lack knowledge sufficient to form a belief about the truth of the allegations in Paragraph 30 of the Complaint; therefore, Defendants deny same.

31. Defendants lack knowledge sufficient to form a belief about the truth of the allegations in Paragraph 31 of the Complaint; therefore, Defendants deny same.

32. Defendants deny the allegations in Paragraph 32 of the Complaint.

33. Defendants deny the allegations in Paragraph 33 of the Complaint.

34. Defendants admit the allegations in Paragraph 34 of the Complaint.

35. Defendants deny the allegations in Paragraph 35 of the Complaint.

36. Defendants deny the allegations in Paragraph 36 of the Complaint.

37. Defendants deny the allegations in Paragraph 37 of the Complaint.

38. Defendants deny the allegations in Paragraph 38 of the Complaint.

39. Defendants deny the allegations in Paragraph 39 of the Complaint.

D. **THE $962K TRANSFER**

40. The document referenced in Paragraph 40 of the Complaint speaks for itself, and Defendants deny any and all allegations in Paragraph 40 inconsistent with the terms of the document referenced therein.

41. Defendants lack knowledge sufficient to form a belief about the truth of the allegations in Paragraph 41 of the Complaint; therefore, Defendants deny same.

42. Defendants deny the allegations in Paragraph 42 of the Complaint.

E. **FRUITS OF TRANSFERS AND SUBSEQUENT TRANSFERS**

43. Defendants admit the allegations in Paragraph 43 of the Complaint.

44. Defendants admit the allegations in Paragraph 44 of the Complaint.

45. Defendants admit the allegations in Paragraph 45 of the Complaint.

46. Defendants deny the allegations in Paragraph 46 of the Complaint.

47. Defendants admit the allegations in Paragraph 47 of the Complaint.

48. Defendants deny the allegations in Paragraph 48 of the Complaint.

49. Defendants admit the allegations in Paragraph 49 of the Complaint.

50. Defendants deny the allegations in Paragraph 50 of the Complaint.

51. The document referenced in Paragraph 51 of the Complaint speaks for itself, and Defendants deny any and all allegations in Paragraph 51 inconsistent with the terms of the document referenced therein.

52. Defendants deny the allegations in Paragraph 52 of the Complaint.

53. Defendants deny the allegations in Paragraph 53 of the Complaint.

### IV. CAUSES OF ACTION

**COUNT 1:** **BREACH OF FIDUCIARY DUTY—STOCK PURCHASE & 962K TRANSFER**

54. Defendants incorporate their responses above.

55. Paragraph 55 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 55 of the Complaint.

56. Paragraph 56 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 56 of the Complaint.

57. Paragraph 57 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 57 of the Complaint.

58. Paragraph 58 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 58 of the Complaint.

59. Paragraph 59 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 59 of

the Complaint.

60. Paragraph 60 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 60 of the Complaint.

61. Paragraph 61 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 61 of the Complaint.

62. Paragraph 62 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 62 of the Complaint.

63. Paragraph 63 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 63 of the Complaint.

**COUNT 2:** **UNJUST ENRICHMENT (FRINZI AND MGR)**

64. Defendants incorporate their responses above.

65. Paragraph 65 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 65 of the Complaint.

66. Paragraph 66 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 66 of the Complaint.

67. Paragraph 67 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 67 of

the Complaint.

**COUNT 3:** **IMPOSITION/DECLARATION OF CONSTRUCTIVE TRUST--STOCK**

68. Defendants incorporate their responses above.

69. Paragraph 69 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 69 of the Complaint.

70. Paragraph 70 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 70 of the Complaint.

71. Paragraph 71 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 71 of the Complaint.

72. Paragraph 72 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 72 of the Complaint.

**COUNT 4:** **IMPOSITION/DECLARATION OF RESULTING TRUST—STOCK**

73. Defendants incorporate their responses above.

74. Paragraph 74 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 74 of the Complaint.

75. Paragraph 75 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 75 of the Complaint.

76. Paragraph 76 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 76 of the Complaint.

**COUNT 5:** **BREACH OF FIDUCIARY DUTY—$4.4 MILLION TRANSFER**

77. Defendants incorporate their responses above.

78. Paragraph 78 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 78 of the Complaint.

79. Paragraph 79 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 79 of the Complaint.

80. Paragraph 80 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 80 of the Complaint.

81. Paragraph 81 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 81 of the Complaint.

82. Paragraph 82 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 82 of the Complaint.

83. Paragraph 83 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 83 of the Complaint.

84. Paragraph 84 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 84 of the Complaint.

85. Paragraph 85 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 85 of the Complaint.

**COUNT 6:** **UNJUST ENRICHMENT (FRINZI AND MGR)**

86. Defendants incorporate their responses above.

87. Paragraph 87 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 87 of the Complaint.

88. Paragraph 88 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 88 of the Complaint.

**COUNT 7:** **FRAUDULENT TRANSFER—$4.4 MILLION**

89. Defendants incorporate their responses above.

90. Paragraph 90 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 90 of the Complaint.

91. Paragraph 91 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 91 of the Complaint.

92. Paragraph 92 of the Complaint contains legal conclusions to which no response is

required. To the extent a response is required, Defendants deny the allegations in Paragraph 92 of the Complaint.

93. Paragraph 93 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 93 of the Complaint.

**COUNT 8:** **RECOVERY OF FRAUDULENT TRANSFER—$4.4 MILLION**

94. Defendants incorporate their responses above.

95. Paragraph 95 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 95 of the Complaint.

96. Paragraph 96 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 96 of the Complaint.

97. Paragraph 97 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 97 of the Complaint.

**COUNT 9:**[1] **FRAUDULENT TRANSFER—LAKEHOUSE AND LOT**

98. Defendants incorporate their responses above.

99. Paragraph 99 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 99 of the Complaint.

---

[1] Count 9, Fraudulent Transfer—Lakehouse and Lot, is mis-identified as Count 10 in the Complaint. Defendants use sequential heading numbers in this Answer.

100. Paragraph 100 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 100 of the Complaint.

101. Paragraph 101 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 101 of the Complaint.

102. Paragraph 102 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 102 of the Complaint.

103. Paragraph 103 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 103 of the Complaint.

**COUNT 11:** **IMPOSITION/DECLARATION OF CONSTRUCTIVE TRUST—$4.4 MILLION TRANSFER AND $962K TRANSFER**

104. Defendants incorporate their responses above.

105. Paragraph 105 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 105 of the Complaint.

106. Paragraph 106 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 106 of the Complaint.

107. Paragraph 107 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 107 of the Complaint.

108. Paragraph 108 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 108 of the Complaint.

109. Paragraph 109 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 109 of the Complaint.

**COUNT 12: CONVERSION**

110. Defendants incorporate their responses above.

111. Paragraph 111 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 111 of the Complaint.

112. Paragraph 112 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 112 of the Complaint.

113. Paragraph 113 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 113 of the Complaint.

114. Paragraph 114 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 114 of the Complaint.

**COUNT 13: EMBEZZLEMENT (FRINZI)**

115. Defendants incorporate their responses above.

116. Paragraph 116 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 116 of

the Complaint.

117. Paragraph 117 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 117 of the Complaint.

118. Paragraph 118 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 118 of the Complaint.

119. Paragraph 119 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 119 of the Complaint.

120. Paragraph 120 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 120 of the Complaint.

**COUNT 14:    TEXAS THEFT LIABILITY ACT (FRINZI)**

121. Defendants incorporate their responses above.

122. Paragraph 122 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 122 of the Complaint.

123. Paragraph 123 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 123 of the Complaint.

124. Paragraph 124 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 124 of the Complaint.

125. Paragraph 125 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 125 of the Complaint.

126. Paragraph 126 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 126 of the Complaint.

127. Paragraph 127 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 127 of the Complaint.

## V. RESERVATION OF RIGHTS

128. Paragraph 128 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 128 of the Complaint.

## VI. PRAYER

Defendants deny that the Trustee is entitled to the relief sought in the Prayer.

## AFFIRMATIVE DEFENSES

In further Answer to the Complaint, and by way of separate and individual defenses and affirmative defenses, Defendants allege as follows:

1. Plaintiff may not avoid any of the allegedly fraudulent transfers made to Defendants pursuant to 11 U.S.C. § 544(b), Tex. Bus. & Comm. Code § 24.005(a), and 11 U.S.C. § 548(a) because all such transfers were received by Defendants in good faith and for reasonably equivalent value.

2. Plaintiff may not avoid the alleged transfers to Defendants pursuant to 11 U.S.C. § 544 and/or 548 to the extent that the Debtors received reasonably equivalent value for the transfers, and:

    a. The Debtors were not engaged or about to engage in business or transactions for which any property remaining with the Debtors was unreasonably small capital; or

    b. The Debtors did not intend to incur, or did not believe that they would incur debts that would be beyond the Debtors; ability to pay the debts as such debts matured.

3. Plaintiff is not entitled to recovery under 11 U.S.C. §548(a)(1)(B), thus the Plaintiff may not hold the Defendants liable pursuant to 11 U.S.C. § 550.

4. Plaintiff is not entitled to recovery under the Texas Uniform Fraudulent Transfer Act ("TUFTA") because the transferee (1) took the transfer in good faith and (b) for a reasonably equivalent value.

5. Plaintiff is not entitled to recovery under TUFTA because the transferee (1) fully performed under a lawful, arm's-length contract for fair market value, (2) provided consideration that had objective value at the time of the transaction, and (3) made the exchange in the ordinary course of the transferee's business.

6. Plaintiff is estopped from asserting these claims because the alleged transfer complained of benefited the Debtors and were affirmed and completed with the Debtors' knowledge, agreement or acquiescence.

7. Some or all of Plaintiff's claims, damages, and/or requests for relief are barred, in whole or in part, due to the business judgment rule.

8. Some or all of Plaintiff's claims, damages, and/or requests for relief are barred, in whole or in part by, or are subject to, setoff or recoupment.

9. Some or all of Plaintiff's claims, damages, and/or requests for relief are barred, in whole or in part, by Plaintiff's waiver, release, or ratification.

## GENERAL DENIAL

To the extent Defendants have not answered any allegation within the Complaint, Defendants deny any and all such allegations.

## RESERVATION OF RIGHTS

Defendants reserve the right to amend their Answer to correct and add defenses as further information regarding Plaintiff's claims becomes available through the course of discovery or otherwise.

## RULE 7012 STATEMENT

Defendants do not consent to entry of final orders or judgment by the Bankruptcy Court.

## JURY DEMAND

Defendants incorporate by reference their Jury Demand (Dkt. 31) requesting that all claims, allegations, and defenses asserted in the above-captioned adversary proceeding, including all claims alleged in the Complaint (Dkt. 30), any amendments or supplements thereto, and all defenses, be tried before a jury. Nothing in this demand constitutes a waiver or release of Defendants' rights to trial by jury in any proceeding or a waiver or release of Defendants' rights to have any and pre-trial, trial, and final orders in any and all proceedings entered only by a United States District Court Judge rather than the Bankruptcy Court, which rights Defendants expressly reserve.

## **PRAYER**

Defendants respectfully request that all relief requested in Plaintiff's Complaint be denied, this matter be set on the jury trial docket, and the Court enter judgment that Plaintiff take nothing on its claims against Defendants. Defendants further request any other and further relief to which they may show themselves entitled.

Dated: December 11, 2023

Respectfully submitted,

*/s/ Paul T. Elkins*
Jason M. Rudd, Tex. State Bar No. 24028786
jason.rudd@wickphillips.com
Scott D. Lawrence, Tex. State Bar No. 24087896
scott.lawrence@wickphillips.com
Catherine A. Curtis, Tex. State Bar No. 24095708
catherine.curtis@wickphillips.com
Mallory A. Davis, Tex. State Bar No. 24133121
mallory.davis@wickphillips.com
Paul T. Elkins, Tex. State Bar No. 24092383
paul.elkins@wickphillips.com

**COUNSEL FOR DEFENDANTS JAMES FRINZI, FRINZI FAMILY TRUST, AND MULTIBAND GLOBAL RESOURCES, LLC,**

## CERTIFICATE OF SERVICE

      I hereby certify that on December 11, 2023, I electronically filed the foregoing with the clerk of the court using the CM/ECF system and have served a copy of the same to the following parties or their counsel via the method(s) indicated below:

| | | |
|---|---|---|
| Davor Rukavina | _____ | Hand Delivery |
| Thomas D. Berghman | _____ | Regular Mail |
| **MUNSCH HARDT KOPF & HARR, P.C.** | _____ | Facsimile |
| 3800 Ross Tower | __X__ | E-mail |
| 500 N. Akard Street | __X__ | CM/ECF |
| Dallas, TX 75201 | | |

**Counsel for the Scott Seidel,
Chapter 7 Trustee**

 

                                   */s/ Paul T. Elkins*
                                   Paul T. Elkins