Jason M. Rudd, Texas State Bar No. 24028786
jason.rudd@wickphillips.com
Scott D. Lawrence, Texas State Bar No. 24087896
scott.lawrence@wickphillips.com
Catherine A. Curtis, Texas State Bar No. 24095708
catherine.curtis@wickphillips.com
Mallory A. Davis, Texas State Bar No. 24133121
mallory.davis@wickphillips.com
Paul T. Elkins, Texas State Bar No. 24092383
paul.elkins@wickphillips.com
WICK PHILLIPS GOULD MARTIN, LLP
3131 McKinney Ave., Suite 500
Dallas, Texas 75204
(214) 692-6200 (office)
(214) 692-6255 (facsimile)

**COUNSEL FOR JAMES FRINZI; FRINZI FAMILY TRUST;
MULTIBAND GLOBAL RESOURCES, LLC**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** § § | **Case No. 22-31641-mv-7** | |
| **GOODMAN NETWORKS, INC.** § § § | | |
| Debtor. § § § | **(Chapter 7)** | |
| | | |
| **SCOTT M. SIEDEL, TRUSTEE; GNET ATC, LLC; MULTIBAND FIELD SERVICES, INC.** § § § § | | |
| Plaintiffs, § § | **ADVERSARY PROCEEDING NO: 23-03036-mvl** | |
| vs. § § | | |
| **JAMES FRINZI; FRINZI FAMILY TRUST; MULTIBAND GLOBAL RESOURCES, LLC** § § § § § | | |
| Defendants. § | | |

## DEFENDANTS' RESPONSE TO MOTION TO STRIKE OR, ALTERNATIVELY, MOTION FOR JURY TRIAL UNDER RULE 39 AND BRIEF IN SUPPORT

Defendants James Frinzi ("Frinzi"), Frinzi Family Trust ("FFT"), and Multiband Global Resources, LLC ("MGR," collectively, "Defendants") file this Response to Plaintiffs' Motion to Strike Jury Demand [Dkt. 39] and Brief in Support [Dkt. 40] filed by Scott M. Seidel, Trustee (the "Trustee"), the trustee of Goodman Networks, Inc. (the "Debtor"), the debtor in the above styled and numbered chapter 7 bankruptcy case (the "Bankruptcy Case"), and, together with GNET ATC, LLC ("GNET") and Multiband Field Services, Inc.'s ("Multiband," with the Trustee and GNET, collectively the "Plaintiffs"), and, in the alternative, Move for a Jury Trial under Federal Rule of Civil Procedure 39. In support, Defendants respectfully state as follows:

## I.
## SUMMARY

Plaintiffs object to Defendants' jury demand solely on the basis Defendants' demand was allegedly untimely under Rule 38. Plaintiffs' argument fails, because Plaintiff's Amended Complaint contains a new factual allegation and three new, corresponding causes of action. These new allegations insert a factual dispute ripe for determination by a jury—whether Frinzi's allegedly wrongful actions were undertaken with the authority, approval, and knowledge of James Goodman or the directors, the directors and/or managers of any of the Plaintiffs. As shown below, Plaintiffs did not contest this issue until their Amended Complaint, to which Defendants properly responded with a jury demand within 14 days as provided under Rule 38.

Independently, Defendants are entitled to a jury under Rule 39, which gives the Court discretion to "order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b). As shown below, the factors courts may consider in exercising discretion under Rule 39(b) weigh in Defendants' favor. In the event the Court determines Defendants' Jury Demand

was untimely under Rule 38, it should nevertheless exercise its discretion under Rule 39 to grant a jury trial in this case.[1]

## II.
## ARGUMENTS AND AUTHORITIES

1. The Federal Rules of Civil Procedure strongly protect the Seventh Amendment right of trial by jury. Fed. R. Civ. P. 38(a) ); *see also* Rule 9015(a), Fed. R. Bankr. P. A party may demand a jury trial by serving a jury demand within 14 days after the last pleading directed to the issue. Fed. R. Civ. P. 38(b). Amended pleadings raising new issues qualify as the "last pleading" to which an opposing party may assert a jury demand for the first time. *Swofford v. B & W, Inc.*, 34 F.R.D. 15, 16–17 (S.D. Tex. 1963), *aff'd*, 336 F.2d 406 (5th Cir. 1964); *First Wisconsin Nat. Bank of Rice Lake v. Klapmeier*, 526 F.2d 77, 80 (8th Cir. 1975) ("Whenever new issues are raised by amendment to either the complaint or answer, a demand for jury trial as to those new issues may be made within ten days [now 14] of the amendment under Rule 38(b).").

2. Courts applying Rule 38 give significant deference to permitting jury demands in amended pleadings containing new issues. Moreover, the trial "court has an obligation to indulge every reasonable presumption against waiver." *Allstate Ins. Co. v. Comty. Health Ctr., Inc.*, 605 Fed. Appx. 269, 271 (5th Cir. 2015) (reversing bench trial order and ordering new jury trial). "The right to a jury trial is too important and the usual procedure for its waiver is too clearly set out by the Civil Rules for courts to find a knowing and voluntary relinquishment of the right in a doubtful situation." *Id.* (citations omitted).

---

[1] As requested in Defendants' Motion to Withdraw the Reference [Dkt. 32] and Brief in Support [Dkt. 33], which is expressly reserved and incorporated by reference, such claims should ultimately be tried before the District Court.

**DEFENDANTS' RESPONSE TO MOTION TO STRIKE JURY DEMAND, OR ALTERNATIVELY, MOTION FOR JURY TRIAL UNDER RULE 39** **PAGE 3**

**A. Defendants timely file their Jury Demand in response to Plaintiffs' Amended Complaint.**

3. Plaintiffs filed their Amended Complaint on November 27, 2023. As explained below, this Amended Complaint contests new issues, triggering a deadline for Defendants to assert a jury demand under Rule 38.

4. Four days after Plaintiffs filed the Amended Complaint, Defendants filed their Jury Demand. Jury Demand, p. 2 (expressly noting, "this demand is made within 14 days of Plaintiffs' filing of the Amended Complaint") [Dkt. 31].

5. Contemporaneously with their Jury Demand, Defendants filed their Motion to Withdraw the Reference [Dkt. 32] and supporting Brief [Dkt. 33], asserting "Defendants have a constitutional right to a jury trial under the Seventh Amendment if a trial is necessary. Defendants have requested a jury trial, do not consent to the Bankruptcy Court conducting a jury trial in this Adversary Proceeding, and do not consent to the Bankruptcy Court entering final orders or judgments in this Adversary Proceeding." Motion to Withdraw, p. 2 (filed Dec. 1, 2023) [Dkt. 32].

6. On December 11, 2023, Defendants timely answered the Amended Complaint, which expressly incorporated their previously filed Jury Demand. Answer to Amended Complaint, p. 17 [Dkt. 36].

**B. Plaintiffs' Amended Complaint Contests New Issues.**

7. Plaintiffs' Motion to Strike attempts to minimize the significance of the Amended Complaint by characterizing the new allegations and corresponding causes of action as "minor." Motion to Strike, p. 4 [Dkt. 40].

8. Not so. Plaintiffs' new factual allegations are admittedly limited, but the amended allegations contain a new fact issue not *contested by Plaintiffs* in their Original Complaint, and one which is particularly ripe for determination by a jury: did James Goodman (or other "directors

and/or managers of any of the Plaintiffs") "authorize" Frinzi to transfer certain funds, or was his use of such funds done with the "knowledge and the approval of" these individuals? *See* Amended Complaint, ¶¶ 27, 35 [Dkt. 30]. For ease of reference, these new allegations are referenced herein as the "Approval Allegations." Prior to the Amended Complaint, Plaintiffs had not contested the Approval Allegations or put that issue in dispute.

9. Plaintiffs argue the Approval Allegations were "implicate[d]" in the Original Complaint. Motion to Strike, ¶ 26 ("Whether Frinzi improperly used his authority to direct funds out of the Plaintiffs for his own personal benefit as alleged in the Original Causes of Action necessarily implicates an assessment of the facts surrounding Frinzi's authority to direct these transfers.") [Dkt. 40]. This argument fails. Plaintiffs' Original Complaint does not contain the words "authorize," "knew," or "approve" related to whether Frinzi's actions were authorized or approved by Goodman, or directors and/or managers of any of the Plaintiffs or taken with the knowledge of these individuals.

10. If Plaintiffs already pleaded the Approval Allegations, no need existed for Plaintiffs to file a new pleading reciting these allegations (twice):

> 27. Frinzi was not authorized by the Debtor and/or GNET ATC to transfer the $500,000.00 or to use them for the purpose which he did. His use of the $500,000.00 was without the knowledge and the approval of the directors and/or managers of any of the Plaintiffs.

> 35. Frinzi was not authorized by the Debtor and/or Multiband to transfer the $4,400,000.00 or to use them for the purpose which he did. His use of the $4,400,000.00 was without the knowledge and the approval of the directors and/or managers of any of the Plaintiffs.[2]

---

[2] *See* Motion to Strike, Exhibit A, p. 5 (showing changes from Original Complaint to Amended Complaint in redline) [Dkt. 40-1].

11. The majority of the allegations in Plaintiff's Original Complaint recite dates and amounts of certain transfers or actions taken by Frinzi, and where funds came from or were sent. *See, e.g.*, Orig. Compl., ¶¶ 20–25, 30–31 [Dkt. 1]. Defendants do not dispute many of the dates, times, and amounts pleaded in Plaintiff's Original Complaint. But the Original Complaint did not address whether Frinzi was instructed to take (or not take) such actions by another individual, or whether he did so with (or without) another individual's knowledge or approval.

12. Plaintiffs' Motion to Strike argues the Approval Allegations were "raised" in the Original Complaint by the allegation that Frinzi took the allegedly wrongful actions for his sole benefit. Motion to Strike, ¶ 27 [Dkt. 40]. This argument fails because the allegation Frinzi took an action solely for his benefit speaks only to Frinzi's alleged motive, not his authority to take the action or other individuals' awareness of Frinzi's actions. Plaintiffs' Original Complaint does not address whether any of directors and/or managers of any of the Plaintiffs knew or approved of Frinzi's actions.

13. Indeed, the fact that Plaintiffs *now* (by filing the Amended Complaint) contest whether any directors and/or managers of any of the Plaintiffs knew of or approved or authorized Frinzi's action is precisely the reason Frinzi asserted a jury demand in response to the Amended Complaint—to resolve what Plaintiff now made clear was a factual dispute. Plaintiffs argue Defendants waived their right to a jury trial because Defendants filed an affirmative defense to the Original Complaint stating Frinzi's actions were taken with the knowledge or approval of the Debtor's. Motion to Strike, ¶ 26 [Dkt. 40] (citing Answer, ¶ 7; Am. Answer, ¶ 7). But this argument turns Rule 38 on its head. "'[T]he last pleading directed to' an issue is not the pleading that raises the issue, it is the pleading that *contests* the issue." *See McCarthy v. Bronson*, 906 F.2d 835, 840 (2d Cir. 1990), aff'd, 500 U.S. 136, 111 S. Ct. 1737, 114 L. Ed. 2d 194 (1991). While the "last

pleading directed to the issue" is usually an answer, or in the case of a counterclaim, a reply, *see id.*, here, because Plaintiff did not contest the Approval Allegations in a pleading until its Amended Complaint, Defendants' deadline to file a jury demand is triggered based on the issue being *contested* in Plaintiffs' Amended Complaint pleading, not Defendants' initial answer. Defendants then timely requested a jury within 14 days of Plaintiffs' Amended Complaint, both in their Jury Demand (filed 4 days later, Dkt. 31) and their Answer to Amended Complaint (filed 14 days later, Dkt. 36).

14. Defendants' anticipation of needing to assert an affirmative defense cannot constitute a knowing relinquishment of its right to a jury trial, especially where *Plaintiffs* did not contest the issue in a pleading until filing the Amended Complaint.

**C. Even if the Court determines Defendants failed to timely request a jury under Rule 38, the Court has discretion to grant a jury trial under Rule 39 as requested in Defendants' Jury Demand or this motion.**

15. Alternatively, Defendants request the Court use its discretionary power under Rule 39 to grant a jury trial. Even where there is no jury demand,[3] "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b); *see also* Rule 9015(a), Fed. R. Bankr. P.

16. Noting the Seventh Amendment right to a jury is "fundamental," the Fifth Circuit requires that a motion for jury trial under Rule 39 be "favorably received unless there are persuasive reasons to deny it." *Daniel Intern. Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064–66 (5th Cir. 1990) (reversing bench trial verdict and ordering new jury trial after trial court

---

[3] Procedurally, Defendants' Jury Demand can also be considered a request for jury trial under Rule 39. *See Barron v. Bankers Life & Cas. Co.*, 288 F.R.D. 187, 191, n.2 (W.D. Tenn. 2012) ("The court will treat the plaintiffs' October 24, 2012 jury demand as a Rule 39(b) motion for a jury trial) (citing inter alia 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2334 (3d ed. 1987) ("[I]n order to invoke the court's discretion under [Rule 39(b)], a party who has waived a jury trial by failing to make a timely demand must file a motion, *or some similar manifestation of that party's desire to have a jury trial*.") (emphasis added).

**DEFENDANTS' RESPONSE TO MOTION TO STRIKE JURY DEMAND, OR ALTERNATIVELY, MOTION FOR JURY TRIAL UNDER RULE 39**     **PAGE 7**

failed to grant jury under Rule 39). The Fifth Circuit also "modifies the usual approach to review of abuse of discretion," and interprets Rule 39 as *requiring* a court to grant a Rule 39 motion for jury trial unless there are "strong and compelling reasons to the contrary." *Id.*; *Pinemont Bank v. Belk*, 722 F.2d 232, 235–36 (5th Cir. 1984); *see also Cox v. C.H. Masland & Sons, Inc.*, 607 F.2d 138, 144 (5th Cir. 1979), *abrogated on other grounds by Leach v. Pan Am. World Airways*, 842 F.2d 285 (11th Cir. 1988) ("Although the request was not timely made, it was made sufficiently early to avoid any disruption to the court . . . ."); *State Farm Mut. Auto. Ins. Co. v. John Romano, D.C.*, No. 12-20438-Civ., 2013 WL 5430178, at *2 (S.D. Fla. Sept. 27, 2013) (granting jury trial under Rule 39 and finding no prejudice to plaintiffs). "Technical insistence upon imposing a penalty for default [under Rule 38] by denying a jury trial is not in the spirit of the rules." *Daniel Intern. Corp.*, 916 F.2d at 1066 (quotation omitted).

17. In *Daniel*, the Fifth Circuit noted five factors courts may consider in exercising discretion under Rule 39(b): (1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of an adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial. 916 F.2d at 1064.

18. Here, a jury trial makes sense because it involves classic jury issues that will require the factfinder to weigh numerous documents, witness credibility, issues of fact, and competing narratives. Moreover, there is no downside to a jury trial. It would not unfairly surprise or prejudice Plaintiffs. Defendants requested a jury trial 4 months before the current trial setting in March 2024 on the same day the Court's Scheduling Order required parties to file motions to withdraw the reference (which Defendants also timely filed). Plaintiffs have had ample opportunity to conduct

discovery. The only basis asserted in Plaintiffs' Motion to Strike is Defendants' alleged untimeliness: Plaintiffs do not contend any party would be prejudiced by a jury trial. Granting a jury trial at this stage will not prejudice any party and will not impact the scheduling order.

19. For these reasons, the Court should use its discretion under Rule 39 to grant a jury trial in this case.

## III. CONCLUSION

For these reasons, Defendant respectfully requests that the Court deny Plaintiffs' Motion to Strike or, alternatively, exercise its discretion under Rule 39 to grant Defendants' request for a jury trial, and grant Defendants such other relief at law or in equity to which they may be entitled.

Dated: January 5, 2024

Respectfully submitted,

 */s/ Paul T. Elkins*
Jason M. Rudd, Texas State Bar No. 24028786
jason.rudd@wickphillips.com
Scott D. Lawrence, Texas State Bar No. 24087896
scott.lawrence@wickphillips.com
Catherine A. Curtis, Texas State Bar No. 24095708
catherine.curtis@wickphillips.com
Mallory A. Davis, Texas State Bar No. 24133121
mallory.davis@wickphillips.com
Paul T. Elkins, Texas State Bar No. 24092383
paul.elkins@wickphillips.com
WICK PHILLIPS GOULD MARTIN, LLP
3131 McKinney Ave., Suite 500
Dallas, Texas 75204
(214) 692-6200 (office)
(214) 692-6255 (facsimile)

ATTORNEYS FOR JAMES FRINZI; FRINZI FAMILY TRUST; and MULTIBAND GLOBAL RESOURCES, LLC

### CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2024, I caused a true and correct copy of this document to be served on counsel of record for all parties in this Adversary Proceeding via the method(s) indicated below:

| | | |
|---|---|---|
| Davor Rukavina | _____ | Hand Delivery |
| Thomas D. Berghman | _____ | Regular Mail |
| MUNSCH HARDT KOPF & HARR, P.C. | _____ | Facsimile |
| 500 N. Akard Street, Suite 3800 | __X__ | E-mail |
| Dallas, TX 75201 | __X__ | CM/ECF |
| drukavina@munsch.com | | |
| jvasek@munsch.com | | |

**Counsel for the Scott Seidel, Chapter 7 Trustee**

 */s/ Paul T. Elkins*
Paul T. Elkins