Davor Rukavina, Esq.
Texas Bar No. 24030781
Thomas D. Berghman, Esq.
Texas Bar No. 24082683
Conor P. White, Esq.
Texas Bar No. 24125722
500 N. Akard Street, Suite 4000
Dallas, Texas 75204
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

COUNSEL FOR SCOTT M. SEIDEL, TRUSTEE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § § | Case No. 22-31641-mvl-7 |
| GOODMAN NETWORKS, INC., | § § § | (Chapter 7) |
| Debtor. | § § § | |
| SCOTT M. SEIDEL, TRUSTEE; GNET ATC, LLC; MULTIBAND FIELD SERVICES, INC., | § § § § § | |
| Plaintiffs, | § § | ADVERSARY PROCEEDING |
| v. | § § | NO: 23-03036 |
| JAMES FRINZI; FRINZI FAMILY TRUST; MULTIBAND GLOBAL RESOURCES, LLC, | § § § § | |
| Defendants. | § § | |

### **PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO STRIKE JURY DEMAND**

TO THE HONORABLE MICHELLE V. LARSON, U.S. BANKRUPTCY JUDGE:

COMES NOW Scott M. Seidel (the "Trustee"), the duly-appointed chapter 7 trustee of Goodman Networks, Inc. (the "Debtor"), the debtor in the above-styled and numbered chapter 7 bankruptcy case (the "Bankruptcy Case"), and, together with GNET ATC, LLC ("GNET ATC") and Multiband Field Services, Inc. ("Multiband," and with the Trustee and GNET ATC collectively, the "Plaintiffs"), the Plaintiffs in the above-styled and numbered adversary proceeding (the "Adversary Proceeding"), file this *Reply in Support of Motion to Strike Jury Demand* (the "Reply") in reply to the *Defendants' Response to Motion to Strike or, Alternatively, Motion for Jury Trial Under Rule 39 and Brief in Support* (the "Response") [Docket No. 47] filed by James Frinzi ("Frinzi"), Frinzi Family Trust ("FFT"), and Multiband Global Resources ("MGR," and together with Frinzi and FFT, the "Defendants"). In support of this Motion, the Plaintiffs respectfully state as follows:

## I. SUMMARY

1. The Plaintiffs filed their *Motion to Strike Jury Demand* (the "Motion") [Docket No. 39] on the basis that the Defendants failed to timely assert a jury demand under Rule 38 and Fifth Circuit precedent. The Defendants' Response does little to address the current – binding – precedent of the Fifth Circuit and instead relies largely on Second Circuit case law. Because the Defendants have failed to adequately demonstrate that any new issues of triable fact were raised in the Plaintiff's Amended Complaint as required by the Fifth Circuit, the Plaintiff's Motion should be granted.

2. Alternatively, the Defendants plead Rule 39 for the first time in their Response. The Plaintiffs posit that the invocation of Rule 39 in a responsive pleading, rather than a motion as required by the text of the rule, is procedurally improper. To the extent the Court disagrees, the

Rule 39 demand should likewise be stricken based on an application of the factors the Fifth Circuit has laid out to assess Rule 39 jury demands.

## II. ARGUMENTS AND AUTHORITIES

3. At the outset, the Defendants wholly fail to address whether the Jury Demand with respect to Counts 1 through 10 of the Complaint and the Amended Complaint is proper. Instead, the Response is directed entirely to the additions of Counts 11, 12, and 13, and the two factual paragraphs included in the Amended Complaint. As a result, the Motion should be granted and the Jury Demand should be denied with respect to Counts 1 through 10. Plaintiffs address the Defendants' arguments with respect to Counts 11, 12, and 13 (the "Amended Actions") below.

### A. The Defendants' Answers Contested All Issues Raised in the Amended Complaint

4. As to the Amended Actions, the Defendants' primary response to the Motion turns on their interpretation of what it means to "contest" an issue. The Defendants argue that the first pleading to "contest" the issue of whether Frinzi made the alleged transfers with the knowledge, approval, or authorization of other directors of the Plaintiffs is the proper test to evaluate a Rule 38 issue, and that the Amended Complaint was the first pleading to do so. Response, ¶ 13.

5. Looking at the plain meaning of what it means to "contest" an issue, this argument fails: everybody knows what it means to "contest" something, and in context of litigation it is simply to deny an allegation in a complaint. Here, the Defendants did exactly that – they called into question whether Frinzi made the alleged transfers with the knowledge, approval, or authorization of other directors of the Plaintiffs by asserting a defense to an adverse claim in a court proceeding. Frinzi Answer, ¶ 7.

6. In so doing, the Defendants directly contest the issue of Frinzi's conduct by asserting that "the alleged transfers complained of benefited the Debtors and were affirmed and completed with the Debtors' knowledge, agreement or acquiescence." *Id.* Arguing that the

Original Complaint's causes of action were estopped as a result of that knowledge, agreement, or acquiescence contests those very facts. Changing the exact wording in the Amended Actions does not alter the substance of the issue. Going one step further, the Defendants appear to argue that asserting an affirmative defense in an answer is not enough for a defendant to anticipate the issues raised in the affirmative defense will be actually contested for purposes of asserting a jury demand. Response, ¶ 14. This defies reason.

7. The law allows deeming an allegation as uncontested in the event of a default in responding to a complaint. There is no such corollary for failure to reply to an answer. To suggest that allegations in an answer are presumably uncontested for the purposes of trial warps the very process of the adversary system.

8. To argue that the pleading of an affirmative defense does not properly raise a triable issue of fact to be heard at trial defeats the purpose of requiring a responsive pleading. A defendant's "failure to comply with FRCP 8(c) results in waiver of the avoidance or affirmative defense." *Lee v. U.S.*, 765 F.3d 521, 523-24 (5th Cir. 2014). Either an affirmative defense is raised as an issue for trial in a responsive pleading, or it is waived. The Defendants properly "contested" the issue of the Amended Actions in the Frinzi Answer, and accordingly the Motion should be granted.

**B.     The Response Fails to Establish That Any New Issues Were Alleged**

9. Even if the Court was to disagree with the notion that the Amended Actions were contested by the Original Complaint or the Frinzi Answer, this is not the threshold in the Fifth Circuit. In arguing that Rule 38 issues must be contested by a responsive pleading before a jury demand is ripe, the Defendants cite to and rely heavily on *McCarthy v. Bronson*, a Second Circuit case. 906 F.2d 835, 840 (2nd Cir. 1990). *McCarthy* was later affirmed by the Supreme Court, but nothing in the affirmation addresses the proper standard for assessing what the "last pleading

directed to" an issue is under Rule 38. *McCarthy v. Bronson*, 500 U.S. 136 (1991). Instead, the Supreme Court issued an opinion on the breadth of nonconsensual referral to a magistrate judge related to allegations of unconstitutional conduct by prison administrators.

10. Fifth Circuit law employs a different analytical framework for the purposes of Rule 38. As described more fully in the Motion, a Rule 38 issue is one of triable fact, and a restatement of those issues does not revive a waived Rule 38 demand. *Fredieu v. Rowan Companies, Inc.*, 738 F.2d 651, 653 (5th Cir. 1984). These issues can only be raised once, and one issue is the "same as another when it is based on the same conduct or concerns the same general area of dispute." *Unidev, LLC v. Housing Authority of New Orleans*, 250 F.R.D. 268, 271-72 (E.D. La. 2008) (internal citations omitted).

11. The Defendants do not deny that these factual issues were addressed in their answers. Instead, the Defendants assert that because the Original Complaint did not contain the words "authorize," "knew," or "approve," the Amended Actions rely on "new factual allegations" that were "admittedly limited" but were "not *contested by Plaintiffs* in their Original Complaint." Response, ¶ 8, 9. According to the Response, only once the Plaintiffs sought to recover against Frinzi on the Amended Actions did the affirmative defense become a fact issue, not before. Response, ¶ 13.

12. It seems that the Defendants take the position that because they did not "dispute many of the dates, times, and amounts pleaded in Plaintiff's Original Complaint," that there was no fact issue raised with respect to the circumstances surrounding Frinzi's conduct in directing these transfers. Response, ¶ 11. However, the Frinzi Answer expressly denies that Frinzi decided to use the funds of the Plaintiffs to acquire AMRR for his own benefit, that the Debtor and GNET ATC received no reasonably equivalent value from purchasing stock, or that Frinzi had no

expectation that MGR would repay the money back to Multiband, among other factual denials. *See* Frinzi Answer, ¶¶ 19, 27, 35. The facts surrounding Frinzi's conduct in directing these transfers have *always* been at issue.

13. At its core, the question raised by the Motion is whether Frinzi's conduct was expressly or implicitly approved by the Plaintiffs' directors was fully contemplated as a triable issue of fact through the Original Complaint and the Frinzi Answer. Because the Plaintiffs amended the complaint to assert new theories of recovery against the Defendants on a fact issue raised in the Defendants' initial answers does not transform an untimely jury demand into a timely one. That the Plaintiffs did not file a responsive pleading to the Frinzi Answer to "contest" the affirmative defense prior to the Amended Complaint or that the words "authorize," "knew," or "approve" were not expressly used in the Original Complaint is, for the purposes of a Rule 38 jury demand, a red herring.

14. Applied to the Jury Demand, the approval of Frinzi's conduct was an issue of triable fact raised by the Original Complaint and the Frinzi Answer. Because the Defendants have not demonstrated the Amended Actions are materially different fact issues than what was pleaded in the Original Complaint and the Frinzi Answer, the Jury Demand should be denied.

**C. Rule 39 Does Not Remedy the Untimely Jury Demand**

15. Plaintiffs deny that Rule 39 has been properly invoked. Rule 39 provides, in relevant part, that the Court "may, on motion, order a jury trial on an issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b). To the extent that the Defendants now attempt to make a demand to jury trial through a response to a motion, such attempt is procedurally improper.

16. Alternatively, should the Court proceed to considering a demand under Rule 39 on the merits, the factors applied by the Fifth Circuit favor denial. Discretion to grant a jury trial under Rule 39, as acknowledged by the Defendants, requires a court to assess the following: (1)

whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of an adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial. *Daniel Int'l Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. 1990).

17. While certain claims in this case are suited to a jury trial, others sound in the Bankruptcy Code and are suited to an arbiter like a judge. Evidently, if not for the Amended Actions, the Defendants agree. This case is likewise set on an agreed scheduling order, pursuant to which all parties to the case assented to the current calendar. Bankruptcy court moves faster and more efficiently than district court, and if this Court were to issue a report and recommendation, it would likely be a much more expeditious process than having to be reset on a jury docket.

18. The Plaintiffs have likewise been preparing this case for trial to a judge, and did so for seven months prior to the Jury Demand. Moreover, the Defendants have offered no explanation for their half-year delay in issuing a jury demand other than the explanation that they were uncertain whether the affirmative defenses would be an issue for trial until the Plaintiffs filed their Amended Complaint.

19. The bigger picture of the Bankruptcy Case is also instructive. The Trustee is currently a plaintiff in five related proceedings, of which Frinzi is a named defendant in three. It is the hope of the Trustee that an agreement can be reached to consolidate these numerous cases in the most efficient manner possible. For Frinzi to separate acute claims from not only this case, but potentially the larger administration of several other cases, serves only to frustrate the goal of efficient and expeditious administration of the Bankruptcy Case.

20. Because of the complexity of the issues at stake, the overall administration of the Bankruptcy Case, and the lack of a colorable explanation for the Defendants' delay, the factors laid out by the Fifth Circuit support a denial of the Rule 39 jury demand.

### III.  CONCLUSION

21. The Response filed by the Defendants fails to address many of the deficiencies raised in the Motion. While it is helpful to analyze diction and word choice, it is far from dispositive and fails to account for the merits and substance of the issues at play. Issues raised in an answer do not require a response to become a triable issue of fact to be heard at trial. Because the fact issues addressed in the Amended Counts were properly raised by the Original Complaint and Frinzi Answer, in tandem, the restatement of claims on those facts does not revive a previous waiver. For that reason, the Motion should be granted, and the Defendants' Jury Demand should be struck.

RESPECTFULLY SUBMITTED this 12th day of January, 2024.

**MUNSCH HARDT KOPF & HARR, P.C.**

/s/ *Conor P. White*
Davor Rukavina, Esq.
Texas Bar No. 24030781
Thomas D. Berghman, Esq.
Texas Bar No. 24082683
Conor P. White, Esq.
Texas Bar No. 24125722
500 N. Akard Street, Suite 4000
Dallas, Texas 75201
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

**COUNSEL FOR SCOTT M. SEIDEL, CHAPTER 7 TRUSTEE**

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on the 12th day of January, 2024, he caused true and correct copies of the foregoing document to be served via the Court's CM/ECF system on all parties entitled to notice thereby and upon counsel of record for the Defendants, Jason M. Rudd, Jason.rudd@wickphillips.com; Scott D. Lawrence, scott.lawrence@wickphillips.com; Catherine A. Curtis, catherine.curtis@wickphillips.com; Mallory A. Davis, Mallory.davis@wickphillips.com; and Paul T. Elkins, paul.elkins@wickphillips.com, via email.

                                                */s/ Conor P. White*
                                                Conor P. White