Davor Rukavina, Esq.
Texas Bar No. 24030781
Julian P. Vasek, Esq.
Texas Bar No. 24070790
Conor P. White, Esq.
Texas Bar No. 24125722
MUNSCH HARDT KOPF & HARR P.C.
500 N. Akard Street, Suite 4000
Dallas, Texas 75201
Telephone: (214) 855-7500

COUNSEL FOR THE PLAINTIFFS

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: § § | Case No. 22-31641-mvl-7 | |
| GOODMAN NETWORKS, INC., § § | (Chapter 7) | |
| Debtor. § § | | |
| § | | |
| SCOTT M. SEIDEL, TRUSTEE; § GNET ATC, LLC; MULTIBAND § FIELD SERVICES, INC., § § | | |
| Plaintiffs, § § | Adv. No.: 23-03036 | |
| v. § § | | |
| JAMES FRINZI; FRINZI FAMILY TRUST; § MULTIBAND GLOBAL RESOURCES, § LLC, § § | | |
| Defendants. § | | |

**UNOPPOSED MOTION FOR AGREED PRELIMINARY INJUNCTION**

TO THE HONORABLE MICHELLE V. LARSON, U.S. BANKRUPTCY JUDGE:

Scott M. Seidel (the "Trustee"), the duly-appointed chapter 7 trustee for Goodman Networks, Inc., the debtor in the above-styled and numbered chapter 7 bankruptcy case, GNET ATC, LLC, and Multiband Field Services, Inc. (collectively, the "Plaintiffs"), file this *Unopposed*

*Motion for Agreed Preliminary Injunction* (the "Motion"), in support of which they would respectfully show as follows:

1. By this Motion, the Plaintiffs request that the Court enter the proposed agreed order attached hereto as Exhibit A (the "Proposed Order"), preliminarily enjoining James Frinzi, Frinzi Family Trust, and Multiband Global Resources, LLC (collectively, the "Defendants") from disposing of, permitting liens against, or otherwise materially impairing the value of certain Watercraft (defined below) that the Defendants allegedly purchased with certain funds at issue in this litigation.

2. On May 4, 2023, the Plaintiffs filed their *Original Complaint* (the "Original Complaint") [Docket No. 1] against the Defendants. On November 27, 2023, the Plaintiffs filed their *Amended Complaint* (the "Amended Complaint") [Docket No. 30]. As further explained in the Original Complaint and the Amended Complaint, Goodman Networks, Inc. (the "Debtor") is the sole member and owner of both GNET ATC, LLC ("GNET ATC"), and Multiband Field Services, Inc. ("Multiband").

3. Among other things, the Amended Complaint seeks to recover and impose a constructive trust with respect to a $4.4 million dollar transfer from Multiband to Multiband Global Resources, LLC ("MGR") on January 4, 2022, and a $962,000.00 transfer from GNET ATC to MGR on December 31, 2022 (the "Transfers").

4. The Trustee believes that, shortly after receiving the Transfers, MGR made multiple further transfers to watercraft dealers with respect one or more of the following watercraft (the "Watercraft"):

   a. Yamaha, Registration Number 3665KN;

   b. Yamaha, Registration Number 3725KN;

   c. Sea Doo, Registration Number 9736KN;

      d.      Sea Doo, Registration Number 9738KN; and

      e.      Cobalt, Registration Number 5469CH.

5.      The Defendants deny the Trustee's allegations and reserve all rights with respect to the same. The Defendants have also informed the Plaintiffs that at least one of the Watercraft was destroyed in an accident before this litigation began. Nevertheless, in an effort to facilitate the expeditious and cost-effective resolution of this adversary proceeding, the Defendants have agreed, prior to final judgment, not to sell or grant any interest, including a lien or security interest, against the Watercraft without either a Court order or a written filed agreement of the Plaintiffs.

6.      "At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." Fed. R. Civ. P. 64; Fed. R. Bankr. P. 7064. The Amended Complaint alleges claims under the Texas Uniform Fraudulent Transfer Act. Tex. Bus. & Comm. Code §§ 24.001 *et seq.* That Act permits the Court to grant, "subject to applicable principles of equity and in accordance with applicable rules of civil procedure: (A) an injunction against further disposition by the debtor or a transferee, or both, of the asset transferred or of other property …." Tex. Bus. & Comm. Code § 24.008(a)(3)(A). Texas law also permits pre-judgment attachment under certain circumstances. *See* Tex. Civ. Prac. & Rem. Code §§ 61.001 *et seq.*

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs respectfully request that the Court enter the Proposed Order and grant them such other and further relief to which they are entitled at law or in equity.

RESPECTFULLY SUBMITTED this 15th day of February, 2024.

**MUNSCH HARDT KOPF & HARR, P.C.**

/s/ *Julian P. Vasek*

Davor Rukavina, Esq.
Texas Bar No. 24030781
Julian P. Vasek
Texas Bar No. 24070790
Conor P. White, Esq.
Texas Bar No. 24125722
500 N. Akard Street, Suite 4000
Dallas, Texas 75201
Telephone: (214) 855-7500

**COUNSEL FOR THE PLAINTIFFS**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 15th day of February, 2024, he caused true and correct copies of the foregoing document to be served via the Court's CM/ECF system on all parties entitled to notice thereby and upon counsel of record for the Defendants, Jason M. Rudd, Jason.rudd@wickphillips.com and Paul T. Elkins, paul.elkins@wickphillips.com.

*/s/   Julian P. Vasek*
Julian P. Vasek