

**CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON
THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed February 21, 2024**

_____
**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 22-31641-mvl-7 |
| GOODMAN NETWORKS, INC., | § | |
| | § | (Chapter 7) |
| Debtor. | § | |
| | § | |
| | § | |
| SCOTT M. SEIDEL, TRUSTEE; | § | |
| GNET ATC, LLC; MULTIBAND | § | |
| FIELD SERVICES, INC., | § | ADVERSARY PROCEEDING |
| | § | NO:  23-03036 |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| JAMES FRINZI; FRINZI FAMILY TRUST; | § | |
| MULTIBAND GLOBAL RESOURCES, | § | |
| LLC, | | |
| Defendants. | | |

## AGREED AMENDED SCHEDULING ORDER

Having considered the *Joint Motion to Amend Scheduling Order*, filed by all of the parties

to this Adversary Proceeding, and finding the relief requested therein to be well taken and

appropriate, and pursuant to F.R.C.P. 16, it is hereby:

_____

AGREED AMENDED SCHEDULING ORDER—Page 1

**ORDERED THAT:**

1.      Docket call for this Adversary Proceeding will be held on **May 7, 2024 at 1:15 p.m.**

2.      Trial of this Adversary Proceeding will be held the week of **May 13, 2024**.  To the extent that any portion of this Adversary Proceeding may be heard by this Court, whether as part of its core jurisdiction or in order to issue proposed findings of fact and conclusions of law, the parties are to be ready for trial on such date and, if they find it to be appropriate, they may seek a special setting during said trial week in light of third party witness subpoenas or such other matters as may justify the same; *provided, however,* that if the District Court has not ruled on the presently pending motion for withdrawal of the reference and/or this Court or the District Court have not ruled on the presently pending motion to strike jury demand, both by the trial docket call, then the foregoing trial setting and the pretrial deadlines set below (but not the discovery cut-off deadline) shall not apply and the trial docket call setting shall be converted to a status conference.

3.      Fact discovery shall be completed by **March 31, 2024**.

4.      Any deadline that has expired in any previously entered scheduling order, except to the extent extended or modified herein, shall remain in full force and effect, subject to any party seeking such relief as may be appropriate.

5.      Except for impeachment documents, all exhibits, along with a list of witnesses to be called, shall be exchanged with all other parties no later than **May 1, 2024**. All exhibits not objected to in writing by Docket Call shall be admitted into evidence at trial without further proof, except for objections to relevance. Written objections to exhibits will be taken up either at the beginning or during the course of the actual trial or at any pretrial conference.

6.      On or before **May 1, 2024**, a Joint Pretrial Order in compliance with Local District

Court Rule 16.4 shall be filed, served, and uploaded for Court entry. All parties are responsible for preparing the Joint Pretrial Order, which shall contain the following: (a) a summary of the claims and defenses of each party; (b) a statement of stipulated facts; (c) a list of the contested issues of fact; (d) a list of contested issues of law; (e) an estimate of the length of trial; (f) a list of additional matters which would aid in the disposition of the case; and (g) the signature of each attorney.

7.      On or before **May 1, 2024**, the parties shall file proposed findings of fact and conclusions of law.

8.      On or before **May 3, 2024**, the parties shall file trial briefs addressing contested issues of law.

9.      This Order, and each party's agreement to this Order, is wholly without prejudice to all issues concerning the Court's core or non-core jurisdiction, or the lack thereof, or the lack of any consent to this Court's entry of final judgment, or to any motion for withdrawal of the reference, and to any issue concerning jury rights, and all rights, issues, objections, defenses, and arguments concerning any of the foregoing are preserved and may be asserted by each party as is otherwise appropriate notwithstanding the entry of this Order.

10.     Notwithstanding the "good cause" requirement of Rule 16, each party may seek such further relief, extension of, or modification of this Order, from this Court or the District Court, depending on the adjudication of present motions concerning the reference and asserted jury rights, including with respect to any previously expired deadlines in any previous scheduling order, but only based on such developments and adjudications and not otherwise, any such relief sought otherwise shall be subject to the "good cause" standard as it otherwise exists.

# # # END OF ORDER # # #

**AGREED:**

| MUNSCH HARDT KOPF & HARR P.C. | /s/ Jason M. Rudd (*w/ permission*) |
|---|---|
| | Jason M. Rudd, Tex. Bar No. 24028786 |
| /s/  Davor Rukavina | Paul T. Elkins, Tex. Bar No. 24092383 |
| Davor Rukavina, Esq. | **WICK PHILLIPS GOULD & MARTIN, LLP** |
| Texas Bar No. 24030781 | |
| 500 North Akard St., Ste. 3800 | 3131 McKinney Avenue, Suite 500 |
| Dallas, Texas  75201 | Dallas, TX 75204 |
| Telephone: (214) 855-7500 | Phone: (214) 692-6200 |
| drukavina@munsch.com | Fax: (214) 692-6255 |
| | |
| **ATTORNEYS FOR THE PLAINTIFFS** | **COUNSEL FOR DEFENDANTS** |