

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON**
**THE COURT'S DOCKET**

The following constitutes the ruling of the court and has the force and effect therein described.

**Signed March 22, 2024**

_____
**United States Bankruptcy Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| **In re:** § | |
| § | **CASE NO. 22-31641-MVL7** |
| **GOODMAN NETWORKS, INC.** § | **(CHAPTER 7)** |
| § | |
| Debtor. § | |
| § | |
| **SCOTT M. SEIDEL, TRUSTEE;** § | |
| **GNET ATC, LLC; MULTIBAND** § | |
| **FIELD SERVICES, INC.** § | **ADVERSARY NO. 23-03036-MVL** |
| § | |
| Plaintiffs, § | **CIV. ACTION NO. 3:23-CV-02739-L** |
| § | |
| v. § | **Related to ECF No. 32**[1] |
| § | |
| **JAMES FRINZI; FRINZI FAMILY** § | |
| **TRUST; MULTIBAND GLOBAL** § | |
| **RESOURCES, LLC** § | |
| § | |
| Defendants. § | |

## REPORT AND RECOMMENDATION TO DISTRICT COURT
## REGARDING DEFENDANTS' MOTION FOR WITHDRAWAL OF THE REFERENCE

---

[1] All ECF No. references are herein made with respect to the docket in Adversary Proceeding No. 23-03036-MVL.

1

I. INTRODUCTION.

Defendants James Frinzi ("**Mr. Frinzi**"), the Frinzi Family Trust ("**FFT**"), and Multiband Global Resources, LLC ("**MGR**," and with Mr. Frinzi and FFT, the "**Defendants**") filed a *Motion to Withdraw the Reference* of the above-entitled adversary proceeding on December 1, 2023, at ECF Nos. 32 and 33 (the "**Motion**"). The Bankruptcy Court conducted a status conference concerning the Motion on January 17, 2024, pursuant to 11 U.S.C. § 105(d); L.B.R. 5011-1.[2] After conferring with counsel for the parties to this proceeding at the status conference, the Bankruptcy Court submits the following Report and Recommendation to the United States District Court:

II. BRIEF RECOMMENDATION.

Pursuant to 28 U.S.C. § 157(d), the District Court may, on timely motion of any party, withdraw, in whole or in part, any case or proceeding referred under § 157 "for cause shown." The Bankruptcy Court hereby recommends that the District Court withdraw, in whole, the reference of Adv. Pro. No. 23-03036-MVL, but only at such time as the Bankruptcy Court certifies to the District Court that the lawsuit is trial-ready. The Bankruptcy Court further recommends that the District Court refer all pre-trial matters to the Bankruptcy Court.

III. FACTUAL BACKGROUND AND PROCEDURAL HISTORY.

On May 4, 2023, the Plaintiffs, Scott M. Seidel (the "**Trustee**"), trustee of Goodman Networks, Inc. (the "**Debtor**"), GNET ATC, LLC ("**GNET**"), and Multiband Field Services, Inc. ("**Multiband**" and, together with the Debtor and GNET, the "**Plaintiffs**") filed their original complaint against the Defendants commencing the Adversary Proceeding. *See* ECF No. 1. In the

---

[2] For the purposes of this report and recommendation, all capitalized references to the Bankruptcy Court (the "**Court**" or the "**Bankruptcy Court**") are made in reference to the United States Bankruptcy Court for the Northern District of Texas, Dallas Division. Likewise, all capitalized references to the District Court (the "**District Court**") are made in reference to the United States District Court for the Northern District of Texas, Dallas Division. All capitalized references to the Main Bankruptcy Case (the "**Bankruptcy Case**") are made in reference to Case No. 22-31641-MVL7 (Bankr. N.D. Tex. 2022). All capitalized references to the Adversary Proceeding (the "**Adversary Proceeding**") are made in reference to Adv. Pro. No. 23-03036-MVL (Bankr. N.D. Tex. 2023).

2

original complaint, the Plaintiffs asserted ten causes of action against the Defendants stemming out of three allegedly fraudulent transactions: (1) an alleged transfer of $4.4 million in cash from Multiband to MGR at Frinzi's direction, which resulted in a purchase of land purportedly for the benefit of FFT; (2) an alleged transfer of $962,000 by GNET to MGR at Frinzi's direction; and (3) an alleged transfer of $500,000 to the Stauber Law Office for the benefit of MGR in connection with the purchase of certain preferred stock related to a corporation known as American Metals Recover and Recycling, Inc. n/k/a MBG Holdings, Inc. ("**AMRR**"). The Plaintiffs further allege that some of the funds from each of the transfers were used to purchase $1 million in convertible preferred stock of AMRR.

On April 10, 2023, Mr. Frinzi filed a proof of claim ("**POC**") in the Bankruptcy Case.[3] Mr. Frinzi asserts that he filed the POC to preserve his indemnity rights from the Debtor in the event that he was to be found liable for claims resulting from his involvement with the Debtor and related entities. *See* ECF No. 33, pp. 21–23, ¶¶ 37–39. The POC contains language expressly reserving Mr. Frinzi's rights to (1) trial by jury; (2) object to the Bankruptcy Court's jurisdiction; (3) withhold consent to the Bankruptcy Court's authority to enter final orders, and (4) move for withdrawal of the reference in any proceeding which may be commenced against him.[4]

On June 7, 2023, Mr. Frinzi and FFT filed their joint original answer at ECF No. 8. On June 21, 2023, MGR also filed an answer to the original complaint at ECF No. 12. Mr. Frinzi and FFT subsequently filed an amended answer on June 28, 2023. *See* ECF No. 15. None of these pleadings contained a jury demand, nor was a jury demand made within 14 days of service thereof

---

[3] Claim No. 39-1 in Bankruptcy Case No. 22-31641-MVL7 (Bankr. N.D. Tex. 2022).
[4] *See* Claim No. 39-1, pp. 5–6, ¶ 11 in Bankruptcy Case No. 22-31641-MVL7 (Bankr. N.D. Tex. 2022). The Court takes no position on the efficacy of this reservation of rights. The basis of the Court's recommendation is based on the nature of the causes of action and established precedent.

as required by Rule 38(b)(1), which is incorporated into the Adversary Proceeding by Bankruptcy Rule 9015.[5]

On November 27, 2023, the Plaintiffs filed their *Amended Complaint* (the "**Amended Complaint**") at ECF No. 30. The Plaintiffs asserted three new causes of action against the Defendants and two additional factual paragraphs. *See* ECF No. 30, pp. 5, 7, 16–20. Four days after the Amended Complaint was filed, the Defendants jointly filed both a *Jury Demand* (the "**Jury Demand**") and the instant Motion. *See* ECF Nos. 31–33. On December 11, 2023, the Defendants jointly filed their *Answer to Amended Complaint* (the "**Amended Answer**"), reincorporating their Jury Demand as to all claims, allegations, and defenses asserted. *See* ECF No. 36. The Court will note that the Defendants do not consent to the entry of final orders by the Bankruptcy Court. *Id.* at 17.

The Plaintiffs filed a *Motion to Strike Jury Demand* and *Brief in Support* (together, the "**Motion to Strike**") on December 15, 2023, requesting that the Bankruptcy Court strike the Defendants' Jury Demand as untimely, and therefore not in compliance with the requirements of Rule 38. *See* ECF Nos. 39–40. The Defendants filed a *Response to Motion to Strike, or Alternatively, Motion for Jury Trial Under Rule 39 and Brief in Support* (the "**Rule 39 Motion**") on January 5, 2024, requesting that the Bankruptcy Court grant the Jury Demand and deny the Plaintiffs' Motion to Strike, or in the alternative, grant a jury trial in the Bankruptcy Court's discretion under Rule 39(b). *See* ECF No. 47. The Plaintiffs filed a reply one week later. *See* ECF No. 48. On January 17, 2024, the Bankruptcy Court held a hearing on the Motion to Strike, after which the matter was taken under advisement. The Bankruptcy Court has since issued its

---

[5] All capitalized references to a Rule or the Rules (a "**Rule**" or the "**Rules**") shall hereinafter refer to the Federal Rules of Civil Procedure. Likewise, all capitalized references to a Bankruptcy Rule or the Bankruptcy Rules (a "**Bankruptcy Rule**" or the "**Bankruptcy Rules**") shall refer to the Federal Rules of Bankruptcy Procedure.

*Order Regarding Plaintiffs' Motion to Strike Jury Demand and Defendants Rule 39 Motion* (the "**Jury Demand Order**"), determining that although the Defendants waived their right to assert a jury demand pursuant to Rule 38, the Defendants are nonetheless entitled to a jury trial pursuant to Rule 39(b). *See* ECF No. 60. As such, the Bankruptcy Court recommends that the reference be withdrawn in the Adversary Proceeding, but only at such time as the Bankruptcy Court certifies that this lawsuit is trial-ready.

### IV. THE CLAIMS.

| Claim Number | Claim |
|---|---|
| 1 | Breach of Fiduciary Duty — Stock Purchase & $962,000 Transfer |
| 2 | Unjust Enrichment — Defendants Frinzi and MGR Transfers |
| 3 | Imposition/Declaration of Constructive Trust — Stock Purchase |
| 4 | Imposition/Declaration of Resulting Trust — Stock Purchase |
| 5 | Breach of Fiduciary Duty — $4.4 Million Transfer |
| 6 | Unjust Enrichment — Defendants Frinzi and MGR, $4.4 Million Transfer |
| 7 | Fraudulent Transfer — $4.4 Million Transfer; 11 U.S.C. § 548(a)(1)(B) |
| 8 | Recovery of Fraudulent Transfer — $4.4 Million Transfer; 11 U.S.C. § 550(a)(1) |
| 9 | Fraudulent Transfer — TUFTA |
| 10 | Imposition/Declaration of Constructive Trust — $4.4 Million and $962,000 |
| 11 | Conversion — Defendant Frinzi |
| 12 | Embezzlement — Defendant Frinzi |
| 13 | Texas Theft Liability Act — Defendant Frinzi |

### V. LEGAL STANDARD.

The District Court has discretion to "withdraw, in whole or in part, any case or proceeding

5

… for cause shown." 28 U.S.C. § 157(d). In *Holland America Insurance Company v. Succession of Roy*, the Fifth Circuit held that, in considering whether the reference should be withdrawn, a district court should consider the following issues: (1) whether the matter involves core, non-core, or mixed issues; (2) whether there has been a jury demand; (3) the effect of withdrawal on judicial economy; (4) the effect of withdrawal on the goal of reducing forum shopping; (5) uniformity in bankruptcy administration; (6) the effect of withdrawal on fostering the economical use of the parties' resources; and (7) the effect of withdrawal on the goal of expediting the bankruptcy process. 777 F.2d 992, 998–99 (5th Cir. 1985).

Further, pursuant to L.B.R. 5011-1, the Court must consider the following additional factors, as relevant: (1) whether any response to the motion to withdraw reference was filed; (2) whether a motion to stay the proceeding pending the District Court's decision on the withdrawal of the reference has been filed, in which court the motion was filed, and the status of the motion; (3) whether the proceeding is core, non-core, or mixed and, with regard to the non-core and mixed issues, whether the parties consent to entry of a final order by the Bankruptcy Court; (4) whether a jury trial has been timely requested, and if so, whether the parties consent to the Bankruptcy Court conducting a jury trial, and whether the District Court is requested to designate the Bankruptcy Court to conduct a jury trial; (6) whether a scheduling order has been entered in the proceeding; (7) whether the parties are ready for trial; (8) the Bankruptcy Court's recommendation; and (9) any other matters relevant to the decision to withdraw the reference.

## VI. DISCUSSION.

The starting point in evaluating the merits of a motion for withdrawal of the reference is a determination of whether the proceeding is core or non-core.[6] The parties agree that the

---

[6] *Mirant Corp. v. Southern Co.*, 337 B.R. 107, 115 (N.D. Tex. 2006).

Bankruptcy Court has at least "related to" jurisdiction over the Adversary Proceeding. However, while some of the claims in the Amended Complaint arise under the Bankruptcy Code and are therefore considered core, most of the claims are based in state law and are not statutorily core matters. Thus, absent consent, the Bankruptcy Court cannot issue final judgments or orders in connection with those claims.

The Court will note that where an adversary proceeding encompasses both core and non-core claims, courts have held that withdrawal of the reference is appropriate because it promotes judicial efficiency.[7] However, even considering that there are non-core claims in this matter, the District Court is not *required* to withdraw the reference on this factor alone.[8] 28 U.S.C. § 157(c)(1) provides the proper procedure regarding non-core claims:

> A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

As resolution of this proceeding would not require significant interpretation of "both title 11 and other laws of the United States regulating organizations or activities affecting interstate

---

[7] *See e.g., In re Brown Medical Center, Inc.*, 578 B.R. 590, 597 (Bankr. S.D. Tex. 2016) (holding that splitting core and non-core claims into two proceedings would be judicially inefficient, and therefore recommending a withdrawal of the reference), *report and recommendation adopted*, No. 16-0084, 2016 WL 406959 at *2 (S.D. Tex. Feb. 3, 2016); *see also In re Dallas Roadster, Ltd.*, Adv. Pro. No. 13-4033, 2013 WL 5758632, at *2 (Bankr. E.D. Tex. Sept. 27, 2013), *report and recommendation adopted*, No. 1-43725, 2013 WL 5769916 (E.D. Tex. Oct. 21, 2013); *Mirant*, 337 B.R. at 122 ("The conclusions the court has reached that the actions contain non-core claims and that [Defendant] is entitled to trial by jury as to certain claims standing alone suggest that there should be a withdrawal of the reference.").
[8] *In re Highland Capital Management L.P.*, No. 21-03003, 2021 WL 2850562, at *4 (Bankr. N.D. Tex. Jul. 7, 2021) ("[M]andatory withdrawal is to be applied narrowly and to prevent 157(d) from becoming an 'escape hatch.' Unsubstantiated assertions that nonbankruptcy … issues are substantial and material to an adversary proceeding are insufficient to warrant mandatory withdrawal."), *report and recommendation adopted in its entirety*, No. 3:21-CV-1378-N, 2021 WL 7540340 (N.D. Tex. Jul. 26, 2021); *see also e.g., Schott, Trustee for Estate of InforMD, LLc v. Massengale*, 618 B.R. 444, 452 (M.D. La. 2020) ("That there may be the right to a jury trial or non-core matters does not require [the District Court] to immediately withdraw the reference.") (citing to *Official Committee of Unsecured Creditors v. Schwartzman (In re Stansbury Poplar Place, Inc.)*, 13 F.3d 122, 128 (4th Cir. 1993) (gathering cases)).

commerce," there does not initially appear to be any cause to deviate from the procedure Congress envisioned here. 28 U.S.C. § 157(d).

The Bankruptcy Court again notes that the Defendants do not consent to the Bankruptcy Court's authority to enter final orders in this case. *See* ECF No. 33, p. 8, ¶ 2. The Defendants contend, and the Plaintiffs concede, that it would be a waste of judicial resources to ask the Bankruptcy Court to issue proposed findings and conclusions to the District Court for what would ultimately be questions of fact to be decided by a jury. *See* ECF No. 33, pp. 26–27, ¶ 48; *see also* ECF No. 46, pp. 3–4, ¶ 4. The Defendants therefore argue that the District Court should immediately withdraw the reference in the Adversary Proceeding for all purposes, including pre-trial matters. *See* ECF No. 33, pp. 26–27, ¶ 48. The Defendants posit that immediate withdrawal of the reference would be proper, as (1) the Bankruptcy Court has not yet decided any substantive issues in the Adversary Proceeding and is therefore no more familiar with the substance of the matter than the District Court, and (2) there is no particular area of bankruptcy law expertise required. *See id.* at pp. 29–29, ¶¶ 49–50.

The Plaintiffs object to immediate withdrawal, however, and suggest that the reference should only be withdrawn once the Bankruptcy Court certifies that the Adversary Proceeding is trial-ready, as it is both the usual and accepted practice in this District, and the most efficient manner to prepare lawsuits for trial.[9] Further, Plaintiffs argue that the Bankruptcy Court is better suited to conduct all pretrial matters because the Bankruptcy Court is also presiding over five related adversary proceedings, not less than three of which involve Mr. Frinzi and related facts. *See id.* at ¶¶ 14–15; *see also* ECF No. 48, p. 7, ¶ 19.

---

[9] *See* ECF No. 46, pp. 8–9, ¶ 13 (citing *In re Blackwell*, 267 B.R. 724, 731 (Bankr. W.D. Tex. 2001) (holding that a district court has the option of referring all pre-trial and discovery matters to be handled by the bankruptcy judge until such time as the bankruptcy judge certifies to the district court that the matter is trial-ready)).

The Bankruptcy Court concurs with the Plaintiffs' reasoning on this point. As the Bankruptcy Court noted in its Jury Demand Order, the Bankruptcy Court can certainly understand why the Plaintiffs desire expediency in the administration of this case. *See* ECF No. 60, p. 15. Were the District Court to withdraw the reference immediately, the Bankruptcy Court notes that it is the general practice within this district for pretrial matters to be referred to a magistrate. Therefore, the Defendants' argument that a District Court might retain pretrial matters in order to become more familiar with the case in preparation for trial is somewhat mooted. Furthermore, the Bankruptcy Court is, in fact, familiar with the parties to this Adversary Proceeding and several of the underlying facts, due to its role in presiding over the Bankruptcy Case and the related adversary proceedings. As such, the Defendants' argument on that point falls flat.

The remaining factors favor a withdrawal of the reference in whole once the parties are trial-ready:

1. *Whether or not there has been a jury demand* — the Defendants have made a jury demand and have a right to a jury on all issues.

2. *The effect of withdrawal on judicial economy* — the District Court must issue final judgments and conduct a jury trial.

3. *The effect of withdrawal on the goal of reducing forum shopping* — in light of the jury demand, the District Court is the proper forum.

4. *Uniformity in bankruptcy administration* — the Bankruptcy Court is already familiar with the facts of the underlying action, the Bankruptcy Case, and other related adversary proceedings between the Trustee and Mr. Frinzi, weighing against withdrawal.

5. *The effect of withdrawal on fostering the economical use of the parties' resources* — the Bankruptcy Court believes that withdrawal upon certification that the case is trial-ready would foster the most economical use of the parties' resources.

6. *The effect of withdrawal on the goal of expediting the bankruptcy process* — there is little concern that withdrawal of the reference will slow administration of the Bankruptcy Case, especially where the Bankruptcy Court will handle all pre-trial matters.

7. *A response was filed* — the Plaintiffs filed a response to the Motion.

8. *Motion to stay the proceeding pending the district court's decision on the motion to withdraw reference* — none filed.

9. *Consent* — the Defendants do not consent to the entry of a final order by the Bankruptcy Court or its presiding over a jury trial.

10. *Whether a jury trial has been timely requested, and if so, whether the parties consent to the bankruptcy judge conducting a jury trial, and whether the district court is requested to designate the bankruptcy judge to conduct a jury trial* — a jury trial was not timely requested pursuant to Rule 38; however the Bankruptcy Court has granted a jury trial pursuant to Rule 39(b). The bankruptcy judge does not have consent of the parties to conduct a jury trial.

11. *Whether a scheduling order has been entered in the proceeding* — yes, attached as Exhibit "A."

12. *Whether the parties are ready for trial* — no.

13. *The bankruptcy court's recommendation* — the Bankruptcy Court recommends withdrawal once the case is trial-ready.

14. *Any other matters relevant to the decision to withdraw the reference* — none.

VII. **PENDING MATTERS.**

The Adversary Proceeding has not been stayed pending a determination of the Motion to Withdraw pursuant to Bankruptcy Rule 5011. A motion to stay the Adversary Proceeding is not pending. The Bankruptcy Court has entered the attached scheduling order, but, at this point, the parties are not ready for trial. Based upon the current scheduling order, fact discovery is to be completed by March 31, 2024. Barring any motion to extend that deadline, the parties are set to exchange witness and exhibit lists, propose findings of fact and conclusions of law as well as a Joint Pretrial Order in compliance with Local District Court Rule 16.4 by May 1, 2024.

VIII. **RECOMMENDATION.**

In light of the Bankruptcy Court's analysis of the *Holland* and L.B.R. 5011-1 factors, the Bankruptcy Court recommends that the District Court grant the Motion upon certification by the Bankruptcy Court that the parties are ready for trial. The Bankruptcy Court further recommends

that it be allowed to preside over any remaining pre-trial matters such as discovery and pre-trial motions, so as to essentially function like a magistrate. Then, at such time as the parties are trial-ready, the District Court would be notified and can withdraw the reference at that time.

### ###END OF REPORT AND RECOMMENDATION###