

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON**
**THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

*Michelle V. Larson*

**Signed July 18, 2024**

_____
**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § § | Case No. 22-31641-mvl-7 |
| GOODMAN NETWORKS, INC., | § § | (Chapter 7) |
| Debtor. | § § § | |
| SCOTT M. SEIDEL, TRUSTEE; GNET ATC, LLC; MULTIBAND FIELD SERVICES, INC., | § § § § § | ADVERSARY PROCEEDING NO: 23-03036 |
| Plaintiffs, | § § | |
| v. | § § § | |
| JAMES FRINZI; FRINZI FAMILY TRUST; MULTIBAND GLOBAL RESOURCES, LLC, | § § § | |
| Defendants. | | |

**STIPULATION AND AGREED ORDER OF DISMISSAL**
**<u>OF FRINZI FAMILY TRUST</u>**

I. **STIPULATION**

Scott M. Seidel (the "Trustee"), for himself and for GNET ATC, LLC and Multiband Field Services, Inc., the plaintiffs in the above styled and numbered Adversary Proceeding, and Frinzi Family Trust (the "FFT,", with the Trustee, each a "Party" and together the "Parties"), hereby stipulate and agree as follows:

1. The Parties are parties to that certain *Limited Settlement and Release Agreement* (the "Agreement").

2. On June 25, 2024, in the above-referenced Bankruptcy Case at docket no. 580, the Court entered its order approving the Agreement, which order has since become final and non-appealable.

3. All conditions precedent to the effectiveness of the Agreement have occurred.

4. Pursuant to the Agreement, the Parties have agreed to dismiss the FFT from this Adversary Proceeding with prejudice, but subject to all rights and obligations in the Agreement.

5. Accordingly, the Parties hereby stipulate to the dismissal with prejudice of the FFT from this Adversary Proceeding, each reserving such rights and obligations as otherwise provided for in the Agreement, and with each Party bearing its respective fees and expenses incurred herein.

II. **ORDER**

The Court, having reviewed the above Stipulation, and incorporating its definitions into this Order, and finding that the Agreement has been approved pursuant to Bankruptcy Rule 9019 and that no further notice regarding the Stipulation is required or is appropriate, and otherwise finding the Stipulation to be lawful and appropriate, it is hereby:

ORDERED that all claims and causes of action asserted against the FFT in this Adversary Proceeding are hereby DISMISSED WITH PREJUDICE and that this Adversary Proceeding is

otherwise dismissed with prejudice as against the FFT, with each Party bearing its respective fees and costs incurred herein; it is further

ORDERED that, for the avoidance of doubt, this Order is wholly without prejudice to all rights, obligations, and remedies under the Agreement, and to all issues between the Trustee and any other defendant in this Adversary Proceeding, all of the Trustee's claims and causes of action against such other defendants being preserved and not affected by the Agreement or by this Order.

### END OF ORDER ###

AGREED AS TO SUBSTANCE AND FORM:

| **MUNSCH HARDT KOPF & HARR P.C.**<br><br>/s/ Davor Rukavina<br>Davor Rukavina, Esq.<br>Texas Bar No. 24030781<br>500 North Akard St., Ste. 3800<br>Dallas, Texas 75201<br>Telephone: (214) 855-7500<br>drukavina@munsch.com<br><br>**ATTORNEYS FOR THE PLAINTIFFS** | /s/ Jason M. Rudd (*w/ permission*)<br>Jason M. Rudd, Tex. Bar No. 24028786<br>Paul T. Elkins, Tex. Bar No. 24092383<br>**WICK PHILLIPS GOULD & MARTIN, LLP**<br>3131 McKinney Avenue, Suite 500<br>Dallas, TX 75204<br>Phone: (214) 692-6200<br>Fax: (214) 692-6255<br><br>**COUNSEL FOR DEFENDANTS** |