Davor Rukavina, Esq.
Texas Bar No. 24030781
Thomas D. Berghman, Esq.
Texas Bar No. 24082683
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

COUNSEL FOR SCOTT M. SEIDEL, TRUSTEE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § § | Case No. 22-31641-mvl-7 |
| GOODMAN NETWORKS, INC., | § § | (Chapter 7) |
| Debtor. | § § § | |
| SCOTT M. SEIDEL, TRUSTEE; GNET ATC, LLC; MULTIBAND FIELD SERVICES, INC., | § § § § § | ADVERSARY PROCEEDING NO: 23-03036 |
| Plaintiffs, | § § | |
| v. | § § § | |
| JAMES FRINZI; MULTIBAND GLOBAL RESOURCES, LLC, | § § § § | |
| Defendants. | § | |

**TRUSTEE'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

TO THE HONORABLE MICHELLE V. LARSON, U.S. BANKRUPTCY JUDGE:

COMES NOW Scott M. Seidel, Trustee (the "Trustee"), the trustee of Goodman Networks, Inc. (the "Debtor"), the debtor in the above styled and numbered chapter 7 bankruptcy case (the "Bankruptcy Case"), and, together with GNET ATC, LLC ("GNET ATC") and Multiband Field Services, Inc. ("Multiband," with the Trustee and GNET ATC, collectively the "Plaintiffs"), file

this *Trustee's Motion for Leave to File Second Amended Complaint* (the "Motion"), respectfully stating as follows:

## I.     RELIEF REQUESTED

1. By this Motion, the Trustee, on behalf of the Plaintiffs, requests leave to amend his live complaint by filing that certain *Trustee's Second Amended Complaint* (the "Second Amended Complaint") attached hereto as Exhibit "A." The purpose of the Second Amended Complaint is to sue Federal Insurance Company ("Federal") for its failure to pay the Plaintiffs under a $5 million Crime Policy (defined below) related to James Frinzi's ("Frinzi") embezzlement. The reason for this requested leave is so that the Trustee (and all other parties) may have finality of all issues in this Adversary Proceeding through one trial, as opposed to the Trustee potentially having to try his underlying case in a second coverage lawsuit against Federal.

## II.     BACKGROUND

2. The Trustee initiated this Adversary Proceeding on May 4, 2023, with the filing of his *Original Complaint* (the "Original Complaint"), complaining of Frinzi, Frinzi Family Trust ("FFT"), and Multiband Global Resources, LLC ("MGR"). Frinzi is a co-trustee of the FFT and the sole owner and manager of MGR, at least during the time of the events alleged in the Complaint.

3. The Original Complaint concerned straight-forward allegations.[1] Frinzi, while an officer of the Plaintiffs, owing them fiduciary duties, transferred: first $500,000.00 of the Plaintiffs' funds in order to purchase the majority of the outstanding stock of American Metals Recovery & Recycling, Inc. ("AMRR") and, second, $4,400,000.00 of the Plaintiffs' funds into MGR, for his person benefit. MGR then used a portion of those funds to purchase certain real estate and other assets, which real estate it then transferred to FFT, apparently for no consideration.

---

[1] The Complaint also concerns a $962,000 transfer, which is not the subject of this Motion.

4. Through formal discovery, the Trustee subsequently determined that Frinzi was not authorized by any of the Plaintiffs to make these transfers, which he did for his own personal benefit, by also hiding the true nature of the transfers from the Plaintiffs. Thus, after obtaining leave from the Court, on November 27, 2023 the Trustee filed his *Plaintiffs' First Amended Complaint* (the "First Amended Complaint"). The purpose of the First Amended Complaint was to assert conversion, embezzlement, and Texas Theft Liability Act claims against Frinzi related to the underlying transfers.

5. Thereafter, the Trustee reached a limited settlement with the FFT, pursuant to which settlement the Trustee expects to recover $1.2 million. After the Court entered its order approving the limited settlement in the Bankruptcy Case, on July 19, 2024 the Court entered its order in this Adversary Proceeding dismissing the FFT from this Adversary Proceeding with prejudice. The Second Amended Complaint therefore removes the FFT as a defendant and removes the causes of action asserted against the FFT.

6. In the meantime, the Trustee (and Debtor before him) had made demand on Federal Insurance Company under a policy issued by Federal, policy number 8262-4874, with a policy period of between October 30, 2021 and October 30, 2022, which policy includes a $5 million employee theft and crime policy (the "Crime Policy"). A true and correct copy of the policy, including the Crime Policy, is attached hereto as Exhibit "A."

7. Federal has not responded to the Trustee's demands regarding the Crime Policy. As such, litigation against Federal has become necessary.

### III.   DISCUSSION

8. Rule 15 provides for leave to amend a complaint, and provides that "[t]he court should freely give [leave] when justice so requires." FED. R. CIV. P. 15(a)(2). The Court must "possess a 'substantial reason' to deny a request for leave to amend." *Smith v. EMC Corp.*, 393

F.3d 590, 595 (5th Cir. 2004).  The Fifth Circuit has outlined five "considerations" guiding the Rule 15 inquiry: "1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment." *Id*.

9. There has been no undue delay.  The Trustee first needed to see whether there was evidence to support a claim of theft by Frinzi, he then needed to make demands and provide notices to Federal, and he then needed to see whether Federal would respond as required by the Texas Insurance Code.  It has not.

10. There is no bad faith or dilatory motive.  On the contrary, were the Trustee to try his theft claims against Frinzi to finality, but without Federal in the suit, then Federal would argue that it was not bound by any judgment.  The Trustee would then have to effectively try the same lawsuit twice.  *See, e.g., Columbia Mut. Ins. Co. v. Fiesta Mart Co. Inc.*, 987 F.2d 1124, 1127 (5th Cir. 1993) ("an insured's liability and whether there is concomitant coverage are separate and distinct matters; and a prior judgment establishing liability is not binding in a subsequent proceeding on coverage).  The Trustee would argue other precedent in response, and either a whole new lawsuit would be required or a mini-lawsuit to determine this point of law, together with its own appeal rights.  This is in no one's interests.  By joining the insurer into this case, all parties may obtain finality through one final judgment.

11. There are no repeated failures to cure.  The Trustee is not proposing to "cure" anything.  He is proposing to bring in a new defendant, the case against which has only recently become ripe.  Any minor delay is occasioned by the untimely death of the undersigned's partner and the lead coverage lawyer for this representation in early May, 2024, and the need to pick up where he left off at that time.

12. There is no undue prejudice to the current defendants. Discovery has not been concluded, and the case is not trial-ready. Indeed, Frinzi's interests can only be benefited by having one case, one trial, and one judgment, instead of having to defend himself in a second coverage case on the same issues.

13. Finally, the proposed amendment is not futile. While now is not the time to prove or try the coverage claims: (i) an insurance policy was in place; (ii) during the relevant timeframe; (iii) covering employee and executive theft; and (iv) Frinzi was an employee and executive. Whether there may be any asserted exclusions to the Crime Policy or not, Federal will have every ability to assert the same and the resolution of the same in the form of a Rule 15 motion is not appropriate, since the Trustee's claims are at least colorable.

14. Embezzlement occurs when a person "unlawfully appropriates property after it has been entrusted to [the person's] care." *In re Davenport*, 353 B.R. 150, 199 (Bankr. S.D. Tex. 2006). Frinzi, as an officer of the Plaintiffs, undoubtedly owed them fiduciary duties, and the funds that he used were entrusted to his care. With respect to civil conversion, "[c]onversion is the wrongful exercise of dominion or control over the property of another in denial of, or inconsistent with, the other's rights in the property . . . To constitute conversion, there must be some repudiation of the owner's right or an exercise of dominion over the property, wrongfully and in denial of or inconsistent with that right; or there must be an illegal assumption of ownership." *Robinson v. Nat'l Autotech Inc.*, 117 S.W.3d 37, 39-40 (Tex. App. – Dallas 2003). Moreover, "acting with good faith or innocence does not constitute a defense to conversion." *Smith v. Maximum Racing Inc.*, 136 S.W.3d 337, 343 (Tex. App. – Austin 2004, no pet.). The Plaintiffs owned the underlying funds, Frinzi exercised control over those funds for his personal benefit, without the consent of the Plaintiffs, and Frinzi has not returned any of the taken funds or their proceeds.

15. With respect to the TTLA, "[a] person who commits theft is liable for the damages resulting from the theft." Tex. Civ. Prac. & Rem. Code Ann. § 134.003. "Theft," under the TTLA, is defined as "unlawfully appropriating property or unlawfully obtaining services as described by Section 31.03, 31.04, 31.06, 31.07, 31.11, 31.12, 31.13, or 31.14, Penal Code." *Id*. at § 134.002(2). Section 31.03 defines theft as: "[a] person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property," and "appropriation of property is unlawful if . . . it is without the owner's effective consent." Tex. Pen. Code. Ann. § 31.03(a) & (b). Under the TTLA, the plaintiff is entitled to actual damages, an additional sum not to exceed $1,000.00, and reasonable attorney's fees and costs. *See* Tex. Civ. Prac. & Rem. Code Ann. § 134.005(a) & (b). If the Trustee successfully proves conversion or embezzlement, then there is liability under the TTLA *per se*.

16. Therefore, the Trustee's claims against Federal under the Crime Policy, for breach of contract, and under the Texas Insurance Code are not futile.

## IV. PRAYER

WHEREFORE, PREMISES CONSIDERED, the Trustee respectfully requests that the Court enter an order: granting this Motion, granting him leave to file the Second Amended Complaint, and for such other and further relief as may be appropriate.

RESPECTFULLY SUBMITTED this 14th day of August, 2024.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: /s/ Davor Rukavina
Davor Rukavina, Esq.
Texas Bar No. 24030781
Thomas D. Berghman, Esq.
Texas Bar No. 24082683
3800 Ross Tower
500 N. Akard Street
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584
Email: drukavina@munsch.com

**COUNSEL FOR SCOTT SEIDEL, CHAPTER 7 TRUSTEE**

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that he discussed the relief requested herein with Jason Rudd, Esq., counsel of record for Frinzi, but that no agreement regarding the same was reached, hence the filing of this Motion.

By: /s/ Davor Rukavina
Davor Rukavina, Esq.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on this the 14th day of August, 2024, true and correct copies of this Motion, with the exhibits thereto, were electronically served by the Court's ECF system on all parties entitled to notice thereof, including Frinzi, by and through his counsel of record, Jason Rudd, Esq., and that, additionally, on the same day he caused a true and correct copy of this Motion, with the exhibits thereto, to be served by U.S. first class mail, postage prepaid, on:

Federal Insurance Company
c/o C T Corporation System, Registered Agent
1999 Bryan Street, Suite 900
Dallas, TX 75201

Attn: Chubb Underwriting Department
Chubb Group of Insurance Companies
202B Hall's Mill Road
Whitehouse Station, NJ 08889

By: /s/ Davor Rukavina
Davor Rukavina, Esq.