Megan M. Adeyemo, Bar No. 24099595
GORDON REES SCULLY MANSUKHANI, LLP
2200 Ross Avenue, Suite 3700
Dallas, Texas 75201
Telephone: (214) 231-4660
Facsimile: (214) 461-4053
Email: madeyemo@grsm.com

Iga W. Todd (*pro hac vice*)
GORDON REES SCULLY MANSUKHANI, LLP
1. N. Wacker, Suite 1600
Chicago, IL 60606
Telephone: (312) 980-6794
Facsimile: (312) 565-6511
Email: itodd@grsm.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re: )<br>)<br>GOODMAN NETWORKS, INC., )<br>)<br>    Debtor )<br>_____) | Case No. 22-31641-mvl-7<br><br>(Chapter 7) |
| )<br>SCOTT M. SEIDEL, TRUSTEE; )<br>GNET ATC, LLC; MULTIBAND )<br>FIELD SERVICES, INC., )<br>)<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>JAMES FRINZI; MULTIBAND GLOBAL )<br>RESOURCES, LLC; and FEDERAL )<br>INSURANCE COMPANY, )<br>)<br>    Defendants. )<br>_____) | ADVERSARY PROCEEDING<br>NO.: 23-03036 |

**FEDERAL INSURANCE COMPANY'S PARTIAL MOTION TO DISMISS CLAIMS BROUGHT UNDER SECTION 542 OF THE TEXAS INSURANCE CODE OR, IN THE ALTERNATIVE, TO STRIKE REFERENCES THERETO**

Pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(f) (as adopted by Bankruptcy Rule 7012), Federal Insurance Company ("Federal") moves this Honorable Court to dismiss all claims brought under Section 542 of the Texas Insurance Code with prejudice or, in the alternative, moves to strike any references to Section 542 of the Texas Insurance Code in Plaintiffs' Second Amended Complaint. In support thereof, Federal submits the following memorandum in support of its Motion.

## INTRODUCTION

Scott M. Seidel, as Trustee for Goodman Networks, Inc. ("Goodman"), filed an insurance coverage action against Federal seeking recovery under the Crime Coverage Part of a Forefront Portfolio 3.0 Policy ("Policy") on the theory that James Frinzi committed a theft. (Dkt. 88, ¶¶ 52-81). Alleging that Frinzi qualifies as an "employee" under the Policy, the Trustee alleges that Goodman suffered a loss covered under the Employee Theft insuring clause and that Federal wrongly failed to remit payment of a covered loss. (Dkt. 88, ¶¶ 58-59).

In addition to alleging a claim for breach of contract, the Trustee purports to pursue a claim under the Texas Prompt Payment of Claims Act (codified in Section 542 of the Texas Insurance Code).[1] (Dkt. 88, ¶¶ 155-162). Although The Trustee alleges Federal failed to timely pay its claim where no payments are due, any claim under Section 542 of the Texas Insurance Code fails because fidelity bonds are exempt from the Texas Prompt Payment of Claims Act. (TEX. INS. CODE ANN. § 542.053(a)(4)). Section 542.053 expressly states that Act does not apply to disputes under "fidelity, surety, or guaranty bonds." (TEX. INS. CODE ANN. § 542.053(a)(4)).

---

[1] The Second Amended Complaint misnumbered the breach of contract claim and the violations of Texas Insurance Code claim against Federal as Count 12. Plaintiffs' claims against Federal are pled as "Count 12: Breach of Contract (Federal)" and "Count 12: Texas Insurance Code (Federal)." (Dkt. 88, ¶¶ 144-154; ¶¶ 155-162).

While the Texas Insurance Code does not expressly define the term "fidelity," Texas courts have held that it encompasses any policy covering employee theft. *RealPage Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA,* No. 3:19-CV1350-B, 2020 WL 1550798 at *3 (N.D. Tex. April 1, 2020) (agreeing "that fidelity bonds 'respond [] to loss due to theft or other misconduct by the insured's employees or others holding a position of trust with the insured'"). Accordingly, where, as here, an insured seeks coverage for employee theft, courts in Texas dismiss claims under Section 542 of the Texas Insurance Code. *Blue Star Sports Holdings, Inc. v. Fed. Ins. Co.*, 658 F. Supp. 3d 351, 359 (E.D. Tex. 2023) (dismissing claim under Section 542 of the Texas Insurance Code because the insured sought coverage for employee theft); *Tex. Ass'n of Sch. Bds., Inc. v. Travelers Cas.*, No. 1:15-cv-369-RP, 2016 WL 4257748 (W.D. Tex. July 7, 2016) (Because employee theft coverage is exempt under Section 542.053, court dismissed claim under Texas Prompt Payment of Claims Act).

In this case, the Trustee admits that he seeks coverage on the theory that Frinzi's conduct triggers employee theft coverage under the Policy. (Dkt. 88, ¶¶ 58-68). Regardless of the merits of that claim, that admission refutes the Trustee's claim under Section 542 of the Texas Insurance Code. Accordingly, any claim under Section 542 of the Texas Insurance Code should be dismissed with prejudice or in the alternative, any references to Section 542 of the Texas Insurance Code should be stricken from the Second Amended Complaint.

## SUMMARY OF PLAINTIFFS' ALLEGATIONS

Creditors of Goodman, a field services company, filed an involuntary petition for relief pursuant to Chapter 7 of the Bankruptcy Code. (Dkt. 88, ¶ 1). On September 20, 2024, the Trustee filed a Second Amended Complaint and added claims against Federal. (Dkt. 88). In support of that claim, the Trustee alleges that Frinzi, while acting as the Chief Executive Officer of Goodman, committed a theft and engaged in an embezzlement. (Dkt. 88, ¶¶ 12-51).

The Trustee asserts that Frinzi's conduct resulted in a loss covered under Insuring Clause A of the Policy. (Dkt. 88, ¶¶ 58; 75). As explained by the Trustee, Insuring Clause A covers Goodman for "Theft" by an "Employee":

> [Federal] shall pay [Goodman and its subsidiaries] for direct loss of **Money**, **Securities** or **Property** sustained by an **Insured** resulting from **Theft** or **Forgery** committed by an **Employee** acting alone or in collusion with others.

(Dkt. 88, ¶¶ 58-59). The Policy defines the term "Theft" as "the unlawful taking of **Money**, **Securities** or **Property** to the deprivation of … an **Insured**, solely for the purposes of Insuring Clause (A), Employee Theft Coverage." (Dkt. 88, ¶ 67). It defines "Employee" to include an "**Executive** while performing acts within the scope of the usual duties of an **Employee**" (Dkt. 88, ¶ 60) and "a natural person in the regular service of an **Organization** in the ordinary course of such **Organization's** business, whom such **Organization** governs and directs in the performance of such service…." (Dkt. 88, ¶ 62).

The Trustee alleges Frinzi constitutes an "Employee" under the Policy because he was the Chief Executive Officer in the regular service of the Plaintiffs and was governed and directed by the Plaintiffs in the performance of such service. (Dkt. 88, ¶¶ 61-63). The Trustee alleges that Frinzi's actions constitute Theft as embezzlement is an unlawful taking of money to the deprivation of Plaintiffs. (Dkt. 88, ¶ 68). Accordingly, the Trustee alleges that Goodman suffered a loss covered under Insuring Clause 1 of the Policy.

The Trustee pursued two claims against Federal. First, the Trustee pursued a breach of contract claim against Federal on the theory that it did not comply with the Policy and reimburse Goodman for a loss covered by the Policy. (Dkt. 88, ¶¶ 144-154). Second, the Trustee pursued an extra contractual claim against Federal under Section 542 of the Texas Insurance Code. (Dkt. 88, ¶ 157-162).

**STANDARD OF REVIEW**

Rule 12(b)(6) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rule 7012(b), allows the Court to dismiss a claim when it is clear that the Plaintiff can prove no set of facts in support of its pleaded claims that would entitle it to relief. The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Where, as here, the plaintiff cannot recover even if the court accepts the allegations as true, courts routinely dismiss such claims. *Blue Star Sports Holdings*, 658 F. Supp. 3d at 359; *Tex. Ass'n of Sch. Bds., Inc.*, 2016 WL 4257748 at *9.

**ARGUMENT**

Plaintiffs allege that Federal violated the Texas Prompt Payment of Claims Act (as codified in § 542.055 of the Texas Insurance Code) and seek to recover interest on the amount of the claim at the rate of 18 percent a year as damages and attorney's fees. (Dkt. 88, ¶¶ 155-162). While Federal denies those allegations, the Trustee cannot pursue a statutory claim under Section 542 of the Texas Insurance Code because Plaintiffs seek coverage for employee theft and the Act expressly exempts claims under fidelity bonds.

As detailed in Section 542.053, Section 542 "… does not apply to fidelity, surety, or guaranty bonds" (TEX. INS. CODE ANN. § 542.053(a)(4)). While the Texas Insurance Code does not define "fidelity bond", a fidelity bond is defined as "[a] bond to indemnify an employer or business for loss due to embezzlement, larceny, or gross negligence by an employee or other person holding a position of trust. —Also termed blanket bond; fidelity guarantee; fidelity-guarantee insurance." Black's Law Dictionary (10th ed. 2014); *see also* 68 TEX. JUR.,

SURETYSHIP & GUARANTY § 231 (3d ed. 2020) (adopting this same definition).[2] Adopting that definition, Texas courts have held that the statutory exemption applies to any policy covering employee dishonesty and/or employee theft. *Blue Star Sports Holdings, Inc. v. Fed. Ins. Co.*, 658 F. Supp. 3d at 359; *RealPage Inc.,* 2020 WL 1550798 at *3; *Tex. Ass'n of Sch. Bds., Inc.,* 2016 WL 4257748 at *9.

*Texas Association of School Boards* enforced the exemption and dismissed an analogous claim. In that case, the insured sought coverage for employee theft under an insurance policy and alleged that the insurer failed to timely pay its claim, in violation of Section 542 of the Texas Insurance Code. 2016 WL 4257748 at *1. Regardless of the merits of the insured's allegations, the insurer argued that the insured could not pursue relief under Section 542 of the Texas Insurance Code because fidelity bonds are exempt from Section 542. Agreeing with the insured, the district court held that an insurance policy covering employee theft qualified as a "fidelity bond" and was exempt from Section 542 of the Texas Insurance Code:

> [T]he Court turns to Plaintiff's cause of action for prompt payment of claim violations. Plaintiff alleges that Defendant violated Chapter 542 of the Texas Insurance Code by failing to timely accept or reject TASB's claims and by failing to pay the claims. However, there is an exception to this chapter, which exempts "fidelity, surety, or guaranty bonds." Tex. Ins. Code § 542.053 (a)(4). The section of the Policy under which TASB is making its claim is titled "FIDELITY." (Crime Policy, Dkt. 13–3, at 8.) A fidelity bond is defined as "[a] bond to indemnify an employer or business for loss due to embezzlement, larceny, or gross negligence by an employee or other person holding a position of trust. —Also termed *blanket bond; fidelity guarantee; fidelity-guarantee insurance*." Black's Law Dictionary (10th ed. 2014).

*Id.* at *9. The insured attempted to raise an artificial distinction between a fidelity bond and an insurance policy covering theft, but the district court rejected that argument: "[u]nder this definition, TASB's employee theft policy is appropriately considered a fidelity bond and is thus

---

[2] *See also Tex. Nat'l Bank of Dall. v. Fid. & Deposit Co. of Md.*, 526 S.W. 2d 770 (Tex. App.—Waco [10th Dist.] 1975); *see also Mass. Bonding & Ins. Co. v. Tex. Fin. Corp.*, 258 S.W. 250 (Tex. App. 1924).

exempt from the prompt payment of claims statute found in Chapter 542 of the Texas Insurance Code." *Id.*

*Blue Star Sports Holdings* reached the same conclusion. As here, the insured in that case sought to recover under its insurance policy on the theory that an employee committed a theft. Dismissing an analogous claim under Section 542 of the Texas Insurance Code, the district court held that the insured could not pursue a claim thereunder because Section 542 of the Texas Insurance Code does not apply to disputes under fidelity bonds:

> Here, the Employee Theft Provision states that Federal will indemnify Blue Star for losses "resulting from Theft or Forgery committed by an Employee." Thus, the Employee Theft Provision—the operative provision as cited in Blue Star's complaint—is unambiguously intended to provide coverage to Blue Star for specific types of losses caused by an employee or a fiduciary. This provision clearly meets the ordinary definition of a fidelity bond.

*Id.* at *1; 658 F. Supp. 3d at 359.[3] Accordingly, the court dismissed all claims under Section 542 of the Texas Insurance Code:

> Blue Star asserts an entitlement to coverage in its complaint based only on the Employee Theft Provision. (Dkt. #33 ¶ 7). Thus, because the Court considers the Employee Theft Provision as a fidelity bond as understood through the term's ordinary meaning and as interpreted by the courts, Blue Star's claims are exempted from the Texas Prompt Payment of Claims Act.

*Id.* at 362. As in *Texas Association of School Boards*, the Trustee admits that he seeks coverage under a fidelity bond. He expressly alleges that the Policy provides coverage for the "direct loss of **Money**, **Securities** or **Property** sustained by an **Insured** resulting from **Theft** … committed by an **Employee**..." (Dkt. 88, ¶ 58).[4] Plaintiffs then allege theft by Frinzi and that he qualifies as an "Employee" under the Policy. (Dkt. 88, ¶¶ 60-68). Accepting Plaintiffs' allegations as true,

---

[3] The insured sought to circumvent the exemption by arguing that the policy was titled a commercial crime policy (not a fidelity bond), but the district court rejected that distinction because "[t]he plain language of the Employee Theft Provision indicates that it was intended to be a fidelity bond regardless of the title used on the overall contract." 658 F. Supp. 3d at 361.

[4] This is the precise insuring clause at issue in *Blue Star*. *See Blue Star Sports*, 658 F. Supp. 3d at 361.

Plaintiffs seek coverage under a fidelity bond. Such bonds are exempt from Section 542 of the Texas Insurance Code and any claims thereunder must be dismissed. *Tex. Ass'n of Sch. Bds., Inc.,* 2016 WL 4257748 at *9.

As in *Texas Association of School Boards,* Plaintiffs admit in their Second Amended Complaint that they purchased a policy covering employee theft and that they pursued a claim based upon an alleged theft by an employee. (Dkt. 88, ¶¶ 52-68). While Federal denies Plaintiffs' claim that it violated the Texas Insurance Code, it is unnecessary to debate that point because even accepting Plaintiffs' allegations as true, their claim fails because fidelity bonds are exempt from Section 542 of the Texas Insurance Code. Accordingly, Federal asks this Court to dismiss any claims under Section 542 of the Texas Insurance Code or, in the alternative, to strike any references to Section 542 in Count 12[*sic*] of Plaintiffs' Second Amended Complaint.

## CONCLUSION

For the foregoing reasons, Federal respectfully requests that this Court dismiss any claims under Section 542 of the Texas Insurance Code or, in the alternative, to strike any references to Section 542 in Count 12[*sic*] of Plaintiffs' Second Amended Complaint and for such further relief as this Court deems just and necessary.

Dated: November 5, 2024  Respectfully submitted,

GORDON REES SCULLY
MANSUKHANI, LLP

By:  */s/ Iga W. Todd*
Iga W. Todd (*pro hac vice*)
1 N. Wacker, Suite 1600
Chicago, IL 60606
Tel: (312) 980-6794
Fax: (312) 565-6511
itodd@grsm.com

Megan Adeyemo, Bar No. 24099595
2200 Ross Ave., Suite 3700
Dallas, Texas 75201
Tel: (214) 231-4660
Fax: (214) 461-4053
madeyemo@grsm.com

*Counsel for Defendant*
*Federal Insurance Company*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF System, which will automatically send e-mail notification of such filing to all attorneys of record.

Dated: November 5, 2024         Respectfully submitted,

                                GORDON REES SCULLY
                                MANSUKHANI, LLP

By:    */s/ Iga W. Todd*
       Iga W. Todd (*pro hac vice*)
       1 N. Wacker, Suite 1600
       Chicago, IL 60606
       Tel: (312) 980-6794
       Fax: (312) 565-6511
       itodd@grsm.com

       *Counsel for Defendant*
       *Federal Insurance Company*