IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

IN RE:                          §   CASE NO. 22-31641-mvl-7
                                §
GOODMAN NETWORKS, INC.,         §   (Chapter 7)
                                §
     Debtor.                    §
_____

                                    **Related Adversary
                                    Proceedings Listed
                                    on Pages 2-3

     ---------------------------------------------

          ORAL AND VIDEOTAPED DEPOSITION OF

                   JAMES FRINZI

                MARCH 20, 2025

                (VOLUME 2 OF 3)

          **CONFIDENTIAL TRANSCRIPT**

     ---------------------------------------------


          ORAL AND VIDEOTAPED DEPOSITION of JAMES FRINZI, produced as a witness at the instance of the Plaintiff(s) and duly sworn, was taken in the above-styled and numbered cause on March 20, 2025, from 9:02 a.m. to 4:48 p.m., before Molly Carter, Certified Shorthand Reporter in and for the State of Texas, reported by machine shorthand, at the offices of Munsch Hardt Kopf & Harr, P.C., 1717 West 6th Street, Suite 250, Austin, Texas, pursuant to the Federal Rules of Civil Procedure.

RELATED ADVERSARY PROCEEDINGS:

SCOTT M. SEIDEL, TRUSTEE;          §
GNET ATC, LLC; and MULTIBAND      §
FIELD SERVICES, INC.,             §
     Plaintiffs,                §
                                §
VS.                               §     Adv. No. 23-03036-mvl
                                §
MULTIBAND GLOBAL RESOURCES,        §
LLC and FEDERAL INSURANCE          §
COMPANY,                          §
     Defendants.                §

_____

SCOTT M. SEIDEL, TRUSTEE;          §
and GNET ATC, LLC,                 §
     Plaintiffs,                §
                                §
VS.                               §     Adv. No. 23-03072-mvl
                                §
18920 NW 11TH, LLC; JAMES          §
GOODMAN; STEVEN ZAKHARYAYEV;       §
EVELINA PINKHASOVA; PEOPLE NQ      §
INC.; JJC & PEOPLE LLC; GDMN       §
FAMILY INVESTMENTS 2, LLC,         §
     Defendants.                §

_____

SCOTT M. SEIDEL, TRUSTEE,          §
     Plaintiff,                 §
                                §
VS.                               §     Adv. No. 24-03037-mvl
                                §
MSOUTH EQUITY PARTNERS III,        §
L.P.; 1PATH MANAGED SERVICES,      §
LLC; ONEPATH ITDS HOLDINGS,        §
LLC; ONEPATH ITDS BUYER,           §
INC.; ONEPATH HOLDINGS, LLC;       §
ONEPATH HOLDING CORPORATION;       §
and ONEPATH SYSTEMS OF NC,         §
LLC,                              §
     Defendants.                §

SCOTT M. SEIDEL, TRUSTEE,            §
        Plaintiff,                   §
                                     §
VS.                                  §      Adv. No. 24-03039-mvl
                                     §
JAMES GOODMAN; JASON GOODMAN;        §
and JOSEPH GOODMAN,                  §
        Defendants.                  §
_____

SCOTT M. SEIDEL, TRUSTEE,            §
        Plaintiff,                   §
                                     §
VS.                                  §      Adv. No. 23-03090-mvl
                                     §
HUDSON CLEAN ENERGY                  §
ENTERPRISES, LLC; ALLIANCE           §
TEXAS HOLDINGS, LLC; NEIL Z.         §
AUERBACH; JUDITH AUERBACH;           §
AUERBACH PARTNERS, L.P.;             §
JAMES GOODMAN; GOODMAN               §
INVESTMENT HOLDINGS, LLC;            §
GENESIS NETWORKS, INC.;              §
GENESIS NETWORKS GLOBAL              §
SERVICES, LLC; AUERBACH              §
CHILDRENS DYNASTY TRUST U/A/D §
OCTOBER 9, 2012; AUERBACH            §
FAMILY DYNASTY TRUST U/A/D           §
OCTOBER 9, 2012; AND                 §
SHALOM AUERBACH                      §
        Defendants.                  §

A P P E A R A N C E S


FOR THE PLAINTIFF(S):
     Davor Rukavina
     Conor P. White
     Anne-Alise "Ali" Hinckley
     MUNSCH HARDT KOPF & HARR, P.C.
     500 North Akard Street, Suite 4000
     Dallas, Texas 75201-6659
     (214) 855-7500
     drukavina@munsch.com
     cwhite@munsch.com
     ahinckley@munsch.com


FOR JAMES FRINZI:
     Paul T. Elkins
     WICK PHILLIPS GOULD & MARTIN,LLP
     100 Throckmorton Street, Suite 1500
     Fort Worth, Texas 76102
     (817) 984-7422
     paul.elkins@wickphillips.com

     Jason M. Rudd
     WICK PHILLIPS GOULD & MARTIN,LLP
     3131 McKinney Avenue, Suite 500
     Dallas, Texas 75204
     (214) 692-6200
     jason.rudd@wickphillips.com


FOR DEFENDANT(S) FEDERAL INSURANCE COMPANY:
     Scott Louis Schmookler
     Iga Wiktoria Todd (via Zoom)
     GORDON REES SCULLY MANSUKHANI, LLP
     One North Wacker, Suite 1600
     Chicago, Illinois 60606
     (312) 565-1400
     sschmookler@grsm.com
     itodd@grsm.com

FOR DEFENDANT(S) JAMES GOODMAN; GOODMAN INVESTMENT HOLDINGS, LLC; GENESIS NETWORKS, INC.; GENESIS NETWORKS GLOBAL SERVICES, LLC; PEOPLE NQ INC. and JJC & PEOPLE LLC:

 Randall A. Pulman
 Matthieu Belanger-Coast
 PULMAN, CAPPUCCIO & PULLEN, LLP
 2161 Northwest Military Highway, Suite 400
 San Antonio, Texas 78213
 (210) 222-9494
 rpulman@pulmanlaw.com
 matthieu@pulmanlaw.com

FOR DEFENDANT(S) MSOUTH EQUITY PARTNERS III, L.P.; 1PATH MANAGED SERVICES, LLC; ONEPATH ITDS HOLDINGS, LLC; ONEPATH ITDS BUYER, INC.; ONEPATH HOLDINGS, LLC; ONEPATH HOLDING CORPORATION and ONEPATH SYSTEMS OF NC, LLC:

 Dale K. Cathell
 Sima G. Fried (via Zoom)
 DLA PIPER LLP (US)
 650 Exeter Street, Suite 1100
 Baltimore, Maryland 21202
 (410) 580-3000
 dale.cathell@us.dlapiper.com
 sima.fried@us.dlapiper.com

FOR DEFENDANT(S) 18920 NW 11th, LLC; STEVEN ZAKHARYAYEV; EVELINA PINKHASOVA; HUDSON CLEAN ENERGY ENTERPRISES, LLC; ALLIANCE TEXAS HOLDINGS, LLC; NEIL Z. AUERBACH; JUDITH AUERBACH; AUERBACH PARTNERS, L.P.; AUERBACH CHILDRENS DYNASTY TRUST U/A/D 10/9/2012 and AUERBACH FAMILY DYNASTY TRUST U/A/D 10/9/2012;

 Brittainie J. Zinsmeyer
 JORDAN, LYNCH & CANCIENNE PLLC
 1980 Post Oak, Suite 2300
 Houston, Texas 77056
 713-955-4793
 bzinsmeyer@jlcfirm.com

FOR THE DEFENDANT(S) JASON GOODMAN AND JOSEPH GOODMAN:
     Robert A. Simon
     David A. Skeels
     WHITAKER CHALK SWINDLE & SCHWARTZ, PLLC
     301 Commerce Street, Suite 3500
     Fort Worth, Texas 76102
     (817) 878-0500
     rsimon@whitakerchalk.com
     dskeels@whitakerchalk.com


ALSO PRESENT:
     Mr. Stephen Pinkston, Videographer

I N D E X

Appearances ....................................... 337


JAMES FRINZI
        Examination by Mr. Cathell .................... 347
        Examination by Mr. Schmookler ................. 408
        Re-Examination by Mr. Rukavina ................ 455
        Re-Examination by Mr. Schmookler .............. 471
        Examination by Mr. Simon ...................... 472
        Re-Examination by Mr. Rukavina ................ 581
        Examination by Mr. Pulman ..................... 603


Signature and Changes ............................. 607

Reporter's Certificate ............................ 608

EXHIBITS

NUMBER        DESCRIPTION                              PAGE

Exhibit 32    ................................... 352
              9/22/21 Emails Re: OIS Acquisition
              Opportunity

Exhibit 33    ................................... 354
              9/22/21 Emails Re: OIS - CIM & Executed
              NDA

Exhibit 34    ................................... 359
              10/22/21 Emails Re: OIS

Exhibit 35    ................................... 361
              11/30/21 Emails Re: OIS - Second Round
              Process Letter

Exhibit 36    ................................... 363
              12/04/21 Emails Re: LOI

Exhibit 37 ......................................... 364
12/13/21 Email Re: Signed LOI

Exhibit 38 ......................................... 366
2/1/22 Email Re: Initial Draft - OIS
Carve-out

Exhibit 39 ......................................... 368
1/22/22 Text Messages

Exhibit 40 ......................................... 370
12/31/21 Emails Re: Confidential -
Acquisition Status

Exhibit 41 ......................................... 375
2/1/22 Unit Purchase Agreement By and
Among American Metals Recovery and
Recycling, Inc. OnePath Systems, LLC, and
AMR Resources, LLC

Exhibit 42 ......................................... 378
2/1/22 Transition Services Agreement

Exhibit 43 ......................................... 389
7/18/22 Letter from AMRR Re: Demand for
OnePath Systems LLC to Cure Its Breach
of Contract

Exhibit 44 ......................................... 392
1/31/23 Membership Interest Transfer
Agreement

Exhibit 45 ......................................... 393
2/1/22 Acquisition of AMR Resources, LLC
by Multiband Global Resources, LLC -
Purchase Price Allocation
**Attorney Eyes Only**

Exhibit 46 ......................................... 395
AMRR Balance Sheet as of December 2022
**Attorney Eyes Only**

Exhibit 47 ......................................... 396
1/21/22 Secured Promissory Note

Exhibit 48 ......................................... 399
2/13/23 Engagement Letter from Layer 7
Capital LLC

Exhibit 49      ........................................ 411
                11/10/21 Insurance Application

Exhibit 50      ........................................ 417
                Plaintiff's Second Amended Complaint in
                Adv. No. 23-03036

Exhibit 51      ........................................ 422
                Defendant James Frinzi's Answers and
                Objections to First Set of
                Interrogatories in Adv. No. 23-03036

Exhibit 52      ........................................ 427
                5/8/24 Limited Settlement and Release
                Agreement

Exhibit 53      ........................................ 429
                11/2/22 Emails Re: Wire instructions -
                EWB Goodman Networks, Inc. account

Exhibit 54      ........................................ 433
                10/12/20 Emails Re: Brief Description of
                Fed Ex Business

Exhibit 55      ........................................ 435
                GNET ATC - Restructure Presentation 09/21

Exhibit 56      ........................................ 437
                Letter from Samantha Sondrup, Final
                Filing and Cancellation Request

Exhibit 57      ........................................ 439
                1/28/22 Emails Re: Request List

Exhibit 58      ........................................ 441
                8/3/22 Goodman Networks et al. Financial
                Presentation

Exhibit 59      ........................................ 445
                Cash Statements

Exhibit 60      ........................................ 450
                Mutual Settlement and Release Agreement
                Filed 11/12/24

Exhibit 61      ........................................ 473
                11/1/19 Letter from Frinzi to Goodman
                Re: Retainer for Consulting Services

Exhibit 62    ...................................... 475
              2/25/20 World Conquest, LLC Invoice to
              Goodman Networks

Exhibit 63    ...................................... 476
              4/14/20 Emails Re: Bond Deal

Exhibit 64    ...................................... 478
              3/9/21 Letter from World Conquest Capital
              to Scot Brunke, CFO Goodman Solutions

Exhibit 65    ...................................... 481
              8/2/21 Email Re: Solutions

Exhibit 66    ...................................... 485
              8/3/21 Email Re: Staging the Turnaround

Exhibit 67    ...................................... 490
              8/14/21 Emails Re: Go Public Now

Exhibit 68    ...................................... 491
              8/26/21 Emails Re: Org Roles

Exhibit 69    ...................................... 494
              9/9/21 Email Re: Restructure Draft

Exhibit 70    ...................................... 497
              9/10/21 Email Re: Shell

Exhibit 71    ...................................... 498
              9/9/21 Email Re: Public Shell and
              Investor

Exhibit 72    ...................................... 501
              9/17/21 Email Re: Goodman Board
              Recommendations

Exhibit 73    ...................................... 503
              9/20/21 Emails Re: GNET ATC Spin-Off
              Diligence and Considerations

Exhibit 74    ...................................... 504
              9/20/21 Emails Re: GNET ATC Spin-Off
              Diligence and Considerations

Exhibit 75    ...................................... 506
              9/20/21 Emails Re: Follow-up re Financial
              Statements



Exhibit 76    ...................................... 508
9/21/21 Emails Re: Please Review

Exhibit 77    ...................................... 511
9/22/21 Emails Re: OIS Acquisition
Opportunity

Exhibit 78    ...................................... 515
9/22/21 Emails Re: Winstead Engagement
Letter - GNET ATC, LLC

Exhibit 79    ...................................... 516
9/29/21 Emails Re: GNET-ATC Income
Statement

Exhibit 80    ...................................... 519
9/29/21 Email Re: Presentation - GNET ATC
Restructure Plan

Exhibit 81    ...................................... 521
9/30/21 Analysis

Exhibit 82    ...................................... 524
9/30/21 Analysis

Exhibit 83    ...................................... 527
10/1/21 Emails Re: Introduction - Letter
of Intent - Repository Services

Exhibit 84    ...................................... 531
10/15/21 Email Re: Notes for Call -
Confidential

Exhibit 85    ...................................... 533
10/18/21 Emails Re: Bond Indenture

Exhibit 86    ...................................... 534
10/20/21 Unanimous Written Consent of the
Board of Directors of Goodman Networks
Incorporated DBA Goodman Solutions

Exhibit 87    ...................................... 535
10/27/21 Emails Re: Payment Claim
Letter_Oct 26 2021

Exhibit 88    ...................................... 538
10/27/21 Emails Re: AMRR Closing

Exhibit 89 ...................................... 540
10/28/21 Email Re: Creditor- Confidential

Exhibit 90 ...................................... 543
11/5/21 Emails Re: Notice Under Escrow
Agreement dated October 6, 2021

Exhibit 91 ...................................... 545
11/10/21 Emails Re: Confidential - GNET
ATC Banking

Exhibit 92 ...................................... 546
11/10/21 Emails Re: Confidential - GNET
ATC Banking

Exhibit 93 ...................................... 547
11/16/21 Emails Re: FedEx - Confidential

Exhibit 94 ...................................... 552
11/17/21 Emails Re: Confidential

Exhibit 95 ...................................... 554
11/17/21 Emails Re: Confidential

Exhibit 96 ...................................... 555
11/17/21 Email Re: Confidential

Exhibit 97 ...................................... 557
11/23/21 Email Re: Confidential- Payments

Exhibit 98 ...................................... 560
11/23/21 Current Report of Goodman
Networks Incorporated

Exhibit 99 ...................................... 562
12/1/21 Written Consent of the Sole
Member of GNET ATC, LLC

Exhibit 100 ...................................... 562
9/27/21 East West Bank Supplement to
Business Account Signature Card for
Goodman Networks Inc Account

Exhibit 101 ...................................... 563
12/8/21 Emails Re: Note UFS GS

Exhibit 102 ...................................... 564
12/8/21 Emails Re: Note UFS GS

Exhibit 103 ........................................ 566
12/9/21 Emails Re: Confidential -
Turnaround

Exhibit 104 ........................................ 573
12/13/21 Emails Re: Update from
Prosperity Bank

Exhibit 105 ........................................ 574
12/29/21 Emails Re: Goodman Stock Value

Exhibit 106 ........................................ 577
GNET ATC December 2021 Situational
Overview and Alternatives (Draft) from
Sierra Constellation Partners

Exhibit 107 ........................................ 578
1/17/22 GNET ATC, LLC Financial
Presentation from CFGI

Exhibit 108 ........................................ 603
Notice of Subpoenaed Deposition of James
Frinzi in Adv. No. 23-03090-mvl

Exhibit 109 ........................................ 603
James E. Goodman's Cross-Notice of
Intention to Take the Oral Deposition of
James Frinzi in Adv. No. 24-03039-mvl

Exhibit 110 ........................................ 603
James E. Goodman's Cross-Notice of
Intention to Take the Oral Deposition of
James Frinzi in Adv. No. 23-03090-mvl

THE VIDEOGRAPHER:  Today's date is March 20th, 2025.  The time is 9:02 a.m. Central.  We are on the record.  This is Volume 2 of the deposition of James Frinzi.  You may swear in the witness.

JAMES FRINZI,

having been first duly sworn, testified as follows:

E X A M I N A T I O N

BY MR. CATHELL:

Q    Good morning, Mr. Frinzi.

A    Good morning.

Q    My name is Dale Cathell.

A    Yeah.

Q    Appreciate you being here for Day 2.

A    Sure.

Q    Going to be a long day today.  Let me tell you who I represent.

A    Okay.

Q    So my clients, I'm going to read their names, and then we'll kind of have a way where I don't have to say their names each time.  Okay?

A    That would be great.  Super.

Q    So I represent MSouth Equity Partners and the various OnePath entities --

A    Okay.

Q    -- that have been sued in connection with a

our settlement with you that whatever claims we may or may not have against Federal for first-party coverage would be preserved?

A   Yes.

Q   Okay.  You can put that exhibit down.

Now we're going to talk about the $4.4 million transfer.

A   Okay.

Q   You were given several documents by Mr. Schmookler.  And Mr. Schmookler asked you questions that were plural, "the loans."  Now we're going to talk about just the 4.4.

A   Okay.

Q   Did you cause the $4.4 million transfer that we looked at yesterday to be recorded as a loan on the Debtor's books and records?

A   Fifth Amendment.

MR. RUKAVINA:  Mr. Schmookler, you recall yesterday we agreed that he could just say "Fifth Amendment" instead of reading the whole thing?

MR. SCHMOOKLER:  I agree.

MR. RUKAVINA:  Thank you.

Q   (By Mr. Rukavina) Do you know who recorded the 4.4 million as a loan?

A   Fifth Amendment.



PAPP0590

A    We can conclude that.

Q    Wasn't it true, sir, that once the professionals CFGI, et cetera, got in, they were -- they saw that transfer and were thinking about how to book it, and then they went back in time and booked it in the only way that they knew how?

MR. SCHMOOKLER:  Object to form, calls for speculation.

A    Yes.

Q    (By Mr. Rukavina) Did anyone discuss with you about how the 4.4 million should be booked?

A    No.

Q    Was the $4.4 million loan from the Debtor to MGR?

A    Yes.

Q    Are you telling me now that you're prepared to talk about the purpose of the 4.4 million?

A    No.

Q    Why was the $4.4 million transferred to MGR?

A    Fifth Amendment.

MR. SCHMOOKLER:  Object to form, outside the scope.

Q    (By Mr. Rukavina) I'm sorry?

A    Fifth Amendment.

Q    Mr. Schmookler showed you several emails where

Q    (By Mr. Rukavina) Mr. Norowitz is asking various people at the company, looks like you're not included yet, for an explanation of the 4.4 million.  You see that?

A    I see that.

Q    Do you know why he would be asking for that explanation had it already been recorded on the Debtor's books and records?

MR. SCHMOOKLER:  Object to form, calls for speculation.

A    Yeah, Fifth Amendment.

Q    (By Mr. Rukavina) Okay.  The email, next email, Ms. Elmore flips it to you.  You see that?

A    Yes.

Q    "Jim, can you help with these CFGI requests?" You see that?

A    Yes.

Q    I never saw a response from you.  Do you recall if you gave her an explanation for the 4.4 million?

A    I don't recall.

Q    And today when I'm asking you to explain the 4.4 million, you're resting on your Fifth Amendment right?

A    That's correct.

Q    Exhibit 56, please.  Are you there, sir?

the company no longer has employees, you were referring to formal W-2 employees?

A    Right.  I meant in the technical sense of getting a W-2 and a paycheck.

Q    Okay.

A    There was a variety of contractors and other individuals working for other Goodman ecosystem entities that were providing services, but there wasn't what an HR staff would consider an employee.

Q    Mr. Schmookler, the record speaks for itself, but I remember him asking when he was looking at Exhibit 58, this is the summary, and it included the two loans.

A    Uh-huh.

Q    He asked whether the company carried those loans at all times.  And again, he used loans in the plural to refer to the 44 million and the 4.4 million. I'm going to ask it separately.  Did Goodman Networks, Inc., at all times, to your knowledge, carry the $4.4 million as a loan?

MR. SCHMOOKLER:   Object to form.

A    Fifth.

Q    (By Mr. Rukavina) Fifth Amendment?

A    Yes.

Q    And I think I just have one or two more questions.  This would be the complaint, the Plaintiff's

Second Amended Complaint that Mr. Schmookler asked you to look at.  And I don't know why I don't have an exhibit number.  I apologize.

MR. WHITE:  50.

MR. RUKAVINA:  50.  Thank you.  I forgot I have the perfect person right next to me.

THE WITNESS:  Okay.

MR. WHITE:  Yeah.

MR. RUKAVINA:  I move for contempt against myself.

Q    (By Mr. Rukavina) And he wanted you to read Paragraph 33.  Can you please go to 33?

A    Sure.

Q    He wanted you to read the first sentence.  Now I'm going to have you read the second sentence which says, "Upon information and belief, this alleged loan was never reduced to a writing or a promissory note nor was this ever in fact a loan."

Is my allegation that I just read to you true or false?

MR. SCHMOOKLER:  Object to form.

A    Fifth Amendment, please.

Q    (By Mr. Rukavina) And the next sentence says, "Rather, Frinzi had it recorded as such to hide his transactions and embezzlement."  Is that allegation true

or false?

MR. SCHMOOKLER:  Object --

A     Fifth Amendment.

MR. RUKAVINA:  I apologize, you both spoke over each other.  Did you object?

MR. SCHMOOKLER:  I was just stating my objection.

MR. RUKAVINA:  I know, but she can't hear you.

MR. SCHMOOKLER:  Oh, object to form.

Q     (By Mr. Rukavina) And then your answer was?

A     Fifth Amendment.

MR. RUKAVINA:  I'll pass the witness.  Thank you.

          R E - E X A M I N A T I O N

BY MR. SCHMOOKLER:

Q     I have only one question.  And I'm just going to sit right where I'm at.

A     That's fine.

Q     No one's ever accused me of being too quiet.

A     I can see you.

Q     Sir, earlier when I asked questions, we looked at your answers to interrogatories.  Do you recall that?

A     Yes.

Q     And those answers were truthful answers at the time you answered them; is that correct?

transfer, do you know whether Multiband owned that money or whether Goodman Networks, Inc., owned that money, it just happened to be in Multiband's account?

A    I think that Goodman Networks owned that money and it happened to be in this account, but --

Q    As of this date, did Multiband Field Services have any more operations --

A    No.

Q    -- as of January and December?

A    No.

Q    Did it have any revenue?

A    No.

MR. RUKAVINA:  Okay.  That concludes my redirect.  Thank you again for your time, sir.

THE WITNESS:  Sure.

MR. RUKAVINA:  And thank you everyone for your accommodation.  28th at 9:30.

MR. PULMAN:  Let me mark a couple --

MR. RUKAVINA:  Yeah, yeah.  So just for the record, so I am marking this whole transcript of yesterday and today and the 28th confidential in total, please.

THE VIDEOGRAPHER:  Are we staying on the video record?

MR. PULMAN:  Yeah.

MR. ELKINS:  Yes.

MS. ZINSMEYER:  And Paul, can I get the same stipulations as to our cross-claims?

MR. ELKINS:  Yes.

MS. ZINSMEYER:  Or I'm sorry, as to our cross notices.

MR. ELKINS:  We will stipulate Mr. Frinzi has appeared by agreement subject to the coordination of multiple parties pursuant to the notices and subpoenas that we've received as the law firm on his behalf.

MR. RUKAVINA:  Thank you.

MR. SIMON:  And you have also received notice from us as well.

MR. ELKINS:  Indeed.

MR. SIMON:  And there may be a few questions that we will ask.

MR. PULMAN:  Thank you.

Q   (By Mr. Pulman) And you've agreed to reappear here in these offices on the 28th of March 2025 at 9:30?

A   Agreed.

Q   And you'll be here?

A   I'll be here.

Q   Do you understand how important it is that you're -- that you show up?

MR. ELKINS:  He understands how important.

A    I understand.  I'll be here.

MR. PULMAN:  I just wanted him to say it.

MR. ELKINS:  I understand.

MR. PULMAN:  All right.  Thank you very much. We'll see you in a week.

THE WITNESS:  Thank you.

THE VIDEOGRAPHER:  All right.  I'm going to submit the same video orders as yesterday.  Thank you.

The time is 4:48 p.m. Central.  We are off the record.

(Deposition recessed at 4:48 p.m.)

CHANGES AND SIGNATURE OF WITNESS

WITNESS NAME:  JAMES FRINZI

DATE OF DEPOSITION:  MARCH 20, 2025

PAGE/LINE   CHANGE                    REASON FOR CHANGE

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

    I, JAMES FRINZI, have read the foregoing deposition

and hereby affix my signature that same is true and

correct, except as noted above.


                              _____

                              JAMES FRINZI

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION


IN RE:                          §    CASE NO. 22-31641-mvl-7
                                §
GOODMAN NETWORKS, INC.,         §    (Chapter 7)
                                §
     Debtor.                    §
_____

AND RELATED ADVERSARY PROCEEDINGS:

SCOTT M. SEIDEL, TRUSTEE;       §
GNET ATC, LLC; and MULTIBAND    §
FIELD SERVICES, INC.,           §
          Plaintiffs,           §
                                §
VS.                             §    Adv. No. 23-03036-mvl
                                §
MULTIBAND GLOBAL RESOURCES,     §
LLC and FEDERAL INSURANCE       §
COMPANY,                        §
     Defendants.                §


_____

SCOTT M. SEIDEL, TRUSTEE;       §
and GNET ATC, LLC,              §
          Plaintiffs,           §
                                §
VS.                             §    Adv. No. 23-03072-mvl
                                §
18920 NW 11TH, LLC; JAMES       §
GOODMAN; STEVEN ZAKHARYAYEV;    §
EVELINA PINKHASOVA; PEOPLE NQ   §
INC.; JJC & PEOPLE LLC; GDMN    §
FAMILY INVESTMENTS 2, LLC,      §
     Defendants.                §


_____

SCOTT M. SEIDEL, TRUSTEE,           §
          Plaintiff,                §
                                    §
VS.                                 §      Adv. No. 24-03037-mvl
                                    §
MSOUTH EQUITY PARTNERS III,         §
L.P.; 1PATH MANAGED SERVICES,       §
LLC; ONEPATH ITDS HOLDINGS,         §
LLC; ONEPATH ITDS BUYER,            §
INC.; ONEPATH HOLDINGS, LLC;        §
ONEPATH HOLDING CORPORATION;        §
and ONEPATH SYSTEMS OF NC,          §
LLC,                                §
          Defendants.               §
_____

SCOTT M. SEIDEL, TRUSTEE,           §
          Plaintiff,                §
                                    §
VS.                                 §      Adv. No. 24-03039-mvl
                                    §
JAMES GOODMAN; JASON GOODMAN;       §
and JOSEPH GOODMAN,                 §
          Defendants.               §
_____

SCOTT M. SEIDEL, TRUSTEE,           §
          Plaintiff,                §
                                    §
VS.                                 §      Adv. No. 23-03090-mvl
                                    §
HUDSON CLEAN ENERGY                 §
ENTERPRISES, LLC; ALLIANCE          §
TEXAS HOLDINGS, LLC; NEIL Z.        §
AUERBACH; JUDITH AUERBACH;          §
AUERBACH PARTNERS, L.P.;            §
JAMES GOODMAN; GOODMAN              §
INVESTMENT HOLDINGS, LLC;           §
GENESIS NETWORKS, INC.;             §
GENESIS NETWORKS GLOBAL             §
SERVICES, LLC; AUERBACH             §
CHILDRENS DYNASTY TRUST U/A/D       §
OCTOBER 9, 2012; AUERBACH           §
FAMILY DYNASTY TRUST U/A/D          §
OCTOBER 9, 2012; AND                §
SHALOM AUERBACH                     §
          Defendants.               §

- - - - - -

REPORTER'S CERTIFICATION

ORAL DEPOSITION OF JAMES FRINZI

MARCH 20, 2025

- - - - - -

I, MOLLY CARTER, Certified Shorthand Reporter in and for The State of Texas, hereby certify to the following:

That the witness, JAMES FRINZI, was duly sworn by the officer and that the transcript of the oral deposition is a true record of the testimony given by the witness;

I further certify that pursuant to FRCP Rule 30(e)(1), that the signature of the deponent:

_XX_ was requested by the deponent or a party before the completion of the deposition and returned within 30 days from date of receipt of the transcript.  If returned, the attached Changes and Signature Page contains any changes and the reasons therefor;

_____ was not requested by the deponent or a party before the completion of the deposition.

I further certify that I am neither attorney nor counsel for, related to, nor employed by any of the parties to the action in which this testimony was taken. Further, I am not a relative or employee of any attorney of record in this cause, nor do I have a financial

interest in the action.

Certified to by me on this 31st day of March 2025.

MOLLY CARTER, CSR NO. 2613
Expires 04/30/2026

Lexitas – Dallas
Firm No. 459, Expires: 12/31/2026
325 North St. Paul, Suite 1900
Dallas, Texas 75206
(214) 373-4977